Judge Simpson
delivered the opinion of the Court.
Williamson & Maxwell, on the 12th day of October, 1841, executed as partners, their promissory note to James McGinnis for two hundred and seventy-five dollars in current bank notes, payable six months after date.
In August, 1848, McGinnis brought an action of covenant on said note against Williamson & Maxwell. Williamson filed a plea, in which he alleged that the plaintiff, on the 20th day of June, 1843, by a certain release in writing by him on that day signed, and bearing that date, and which was written on the back of said covenant, in consideration of one hundred and eighty dollars paid to him by defendant’s co-obligor, Hugh H. *75 Maxwell, then and there released said Maxwell forever from any further responsibility on said note, whereby the defendant was in law also released. The plaintiff filed a demurrer to that plea, which was sustained by the Court, and a judgment rendered' against the defendant without the intervention of a jury, for the amount of the note with interest from the day it fell dqe, subject to a credit of $180 paid on the 20th June, 1843.
An absoluie release of one of several joint oh,ligoi-s, is a release to the others. So a eovenant.never to sue a sole obiigor lias been held a release of the obligation; but a covenant not to sttshneof several joint obligors has been decided to be no release of the oihei.
A release written upon the back of an obligation which ib purports to- release, is valid, (and since the act of 1843 need not have a seal,) a delivery, tho’ necessary, may be presumed from the nature of the writing, if intended to have the effect of a release.
Williamson has brought the case to this Court for revision, and assigns two errors. The. first one brings in question the propriety of the decision of the Court upon the demurrer to the defendant’s plea of release. The other, the action of the Court in rendering a judgment, without a jury.
An absolute 'release to one of several, who are jointly bound, exonerates all the obligors. This is a well settled rule of law. This Court has, in cases where a covenant never to sue, or one of like import, if made with a sole obligor, would be deemed a release of the obligation, refused to construe a similar covenant with one of several joint obligors as a release, because such an interpretation would frustrate the intention of the parties, and operate unjustly. But those decisions recognize the rule of law, that if one of the joint obligors be released, no suit can be maintained against the others, and to avoid the effect of the rule, construed the covenant according to its literal import, not to be a release.
The instrument set forth in the plea purports to be an absolute and technical release, of one of the joint, oblR gors. The plea does not allege that the release was sealed, but it contains every other necessary averment. As the release was executed after the act of Assembly of' 1843, dispensing with seals in the execution ofj deeds and other instruments of waiting, that allegation was unnecessary. The fact that the release is written upon the back of the obligation, does not of itself change the character of the writing, or deprive it of its legal effect. A delivery, either actual or constructive, is, it is *76 trG’e, necessary to the due execution of a release. But When the releasor has a right to, and does retain the-writing upbn which therelease is also written, a cons tractive delivery is all that is necessary, and such a delivery may be implied from the nature of the writing itself, if it were actually executed as a release and intended by the parties to have that effect.
A jury is necessary to assess damages típon a covenant to pay trank notes.
In an action of covenant against two, it was error to render- judgment against one without disposing of the case as to the other defendant.
Bell for plaintiff; Boyle and Harlan for defendant.
■It seems to us therefore, that the plea contains every requisite avermentand presented a legal defense to the action, and that the demurrer to it should have been overruled*
The Court also erred in rendering a judgment without a jury to assess the damages. The -note was not for the payment of money, but for the payment of current bank notes. A jury therefore was necessary to ascertain their value on the day of payment.
Although the suit was brought against both Williamson and Maxwell, no process seems to have been executed upon the latter,.or any appearance entered by h'im, nor was the suit as to him abated or'disposed of in any manner. It was therefore irregular to enter a judgment against-Williamson, if in other respects there haff been no error in the proceedings.
Whej^ore the judgment is reversed and cause remanded, with directions to overrule the plaintiff’s demurrer to the defendant’s plea, and for further proceedings consistent with this opinion.