JUDGE ELLIOTT
delivebed the opinion or the coubt.
This action was brought by appellee for the price of a horse which he alleged he had sold to appellant. Appellant denied that he bought the horse, for the price of which he had been sued, and on this issue the parties went to trial.
After the evidence had been heard, the instructions given, and the jury had retired for consultation, one of the jurors wrote the following note to the court: “In this case would the mode of payment affect the validity of the sale?” Signed, “One of the jurors,” To this he received the following reply: “.It would not.” Signed, “ J. C. Wickliffe, judge.”
It is insisted that this correspondence between the judge and juror was without legal authority, and entitles appellant to a reversal of the judgment.
Subsection' 5 of section 317 of the new Code of Practice provides that “If a general verdict be required, either party may ask written instructions to the jury on points of law, which shall be given or refused by the court'before the commencement of the argument to the jury,” and by section 321 of the same Code it is provided, “After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice 'to, the parties or their counsel.”
The parties in this case required written instructions, which *77 were given, and any information, written or oral, sent to the jury, after they had retired to their room for consultation, by the judge of the court, was in violation of the provisions of the Code supra, and for these reasons the verdict should have been set aside and a new trial granted.
These salutary provisions of the Code of Practice seem to contemplate that all jury trials shall be open and public, where each party may have the same opportunity to be heard and to object to the rulings of the court, or take advantage of any other irregularity during the progress of the trial.
According to the bill of exceptions in this case the correspondence between the judge and the juror took place in the absence of the appellant and his counsel, when the -law is imperative that when the jury wish further information upon a point of law “the information required shall be given in the presence of, or after notice to, the parties or their counsel.”
The seventh instruction, by reason of its ambiguity and the fact that some words which doubtless the court intended to insert in it were omitted, conveys no intelligent rule of law to the jury, and is therefore erroneous, and may have misled the jury. No other error is perceived.
Wherefore the judgment is reversed and cause remanded, with directions tp grant appellant a new trial, and for further proceedings consistent with this opinion.