CASE 74—EQUITY—APRIL 7, 1881.

# Ryan v. Doyle, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. The agreement between appellee Doyle and Hines and wife for the exchange of real estate, the note from the latter to the former to be delivered by him to them as part of the contract, extinguished the note and all liens resulting therefrom.
2. The note could not be assigned by the obligee to the obligors. It was paid by the contract between them.

STANTON & LARUE FOR APPELLANT.

The contract made between appellee and Hines and wife extinguished the note as though it had been surrendered to them and destroyed.

THOS. J. THROOP FOR APPELLEES.

1. Doyle retained a lien upon the land to secure the payment of the note. (Gen. Stat., 589.)
2. The talk about some new arrangement by which Doyle was to surrender to Hines and wife the note never was consummated.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, Doyle, in the year 1871, sold a small house and lot to Hines and wife for $150.

One hundred dollars of which they paid, and executed to him their promissory note for fifty dollars, the remainder thereof.

In 1873 the appellees, Hines and wife, exchanged the house and lot with the appellant, John Ryan, for about thirteen acres of land he owned on Kennedy creek.

They executed deeds to each other, and interchanged possession.

Some time thereafter, and before the institution of this action, Hines and wife sold the Kennedy creek land to Doyle in consideration of a house and lot near the town of Chester and the $50 note above-mentioned.

Hines requested Doyle to keep the note for him until he should remove from the Kennedy creek land, whither he was going at the time of the request. He returned in a few days, and Doyle proposed to let him have for the note a strip of land, about thirty feet wide, adjacent to the lot he had sold to him for the Kennedy creek land. Hines accepted the proposition, and Doyle kept the note.

On the 9th of January, 1874, Doyle brought suit against Hines and wife on the note, and to enforce a lien upon the house and lot for which it was given, without making Ryan a party.

Hines and wife waived the service of summons, appeared, answered, and confessed judgment.

A decree was rendered directing Ryan's house and lot to be sold to pay the note.

So soon as he learned such a judgment existed, he appeared, and on his petition it was set aside.

His answer and the evidence show the state of facts above named, and the further fact that Doyle did not acknowledge his deed to Hines and wife until twenty days after the institution of the suit.

The court again decreed the sale of Ryan's house and lot to pay the note, and he has appealed from that judgment.

The first judgment was properly set aside at Ryan's instance, and the judgment appealed from is erroneous.

Ryan v. Doyle, &c.

The moment the bargain was completed between Doyle and Hines and wife, by which the former agreed to give the note and a house and lot to the latter for the Kennedy creek land, the note was paid, and the covenant embraced in it was complied with.

And the fact that Doyle held it at Hines' request did not prolong its existence as a contract, or resuscitate the dead obligation which was embraced in it, and which was discharged by the transaction. He was simply the custodian of the note for Hines.

The note was not assigned to Hines and wife, nor could it have been, because it was their own obligation, and possessed no quality that would render it assignable to them, and therefore they could not re-assign it to Doyle.

They could have compelled Doyle to surrender it at any time after the sale to him of the Kennedy creek land, and the subsequent sale of the thirty-feet strip of land did not operate to revive the note or its lien against Ryan's house and lot.

Doyle has a lien on the thirty-feet strip of land for the sum of $50, the purchase price therefor, as against Hines and wife, unless there be other facts not shown in this record to avoid it.

Wherefore, the judgment is reversed, with directions to allow Doyle to amend his pleadings and enforce any lien he may have against the thirty-feet strip of land if he desires to do so, but to dismiss the action against Ryan.