CASE 47—PETITION EQUITY—NOVEMBER 17.

# Thompson's Adm'r, &c., v. George.

APPEAL FROM M'CRACKEN COMMON PLEAS COURT.

86  311
91  384

86  311
117  450

THE RE-DELIVERY OF A MORTGAGE WHICH HAS BEEN SATISFIED by the payment of the debt it was executed to secure, upon the agreement, that it shall secure another debt than the one originally secured by it does not create a lien.

In an action upon a note and to enforce a mortgage lien it was developed that the note and mortgage had been satisfied, and that the note had been re-delivered to secure its payment. Thereupon an amended petition was filed setting forth these facts. *Held*—That the plaintiff is entitled to judgment for his debt, but no lien exists.

E. W. BAGBY AND C. S. MARSHALL FOR APPELLANTS.

When a debt secured by mortgage is paid, and the note and mortgage surrendered, the mortgage lien is not revived by a new loan and re-delivery of the original note and mortgage to the mortgagee. (Mead v. York, 6 N. Y., 449; Johnson v. Anderson, 30 Ark., 745; Spencer v. Fredenall, 15 Wis., 666; Walker v. Snedeker, Hoff. Ch., 145; Merrill v. Chase, 3 Allen, 339.)

BIGGER & REED FOR APPELLEE.

Where there has been no cancellation of a mortgage made to secure a debt paid off, a re-delivery of the note and mortgage to secure a new loan for the same amount revives the mortgage. (Stierman v. Thornton, MS. Op., Ct. of Ap., Jan 28, 1882.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, George, in December, 1867, loaned to George Thompson one thousand dollars, and took the joint note of Thompson and wife, payable in three months, for one thousand and thirty-six dollars, the amount of money loaned and the agreed interest. To secure the payment of this note a mortgage was executed on a lot in the city of Paducah. George Thompson is now dead. Before his death he paid off the

note, and it was surrendered to him by George, and the original mortgage that had been recorded was also surrendered to the debtor. Some time after the payment of this debt Thompson borrowed of George one thousand dollars more, that seems to have had no connection in any way with the original borrowing. As evidence, however, of the second loan, no note whatever having been given, the note executed for the first loan was re-delivered by Thompson to George, as well as the mortgage, to secure the payment of the second loan. After Thompson's death George brought this action on the first note to foreclose the mortgage; but it being developed during the progress of the action that the note and mortgage had been satisfied, an amended petition was filed by George, in which the real transaction is set forth.

It is manifest that the old note did not evidence the debt, and that the appellee, George, has the parol agreement only of Thompson, that a mortgage once released and the lien removed shall stand good for some other debt than the one originally secured by it.

It presents a case where the owner has pledged his title papers with his creditor under a parol agreement that the property embraced by them shall be subjected to its payment, or rather that a lien shall exist for the payment of the debt. Nor is this so strong a case.

The mortgage has answered its purpose, and is no longer evidence of title in either the mortgagee or mortgageor. It may be useful to the latter in showing that the lien has been removed, but being invested with the fee, it can not constitute a link in the chain of title. It is simply a parol agreement that some other note fully

paid prior to the transaction shall evidence the liability, and that a mortgage prior thereto, and released, shall be regarded as a security for the payment of a loan on a parol or implied promise to pay. Liens can not be created on land in such a mode; but as Thompson's administrator is liable for the debt, and an amended pleading has been filed, presenting the real cause of action, a judgment should go against the administrator, but no lien exists. This case was heard in the Superior Court and the usury deducted. The only question is as to the amount. It is evident that the deduction is not for too much. Judgment should be entered against the administrator for eighty-six dollars and seventy-six cents, with interest from January 1, 1883, to be levied of assets, and the lien denied.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.