CASE 12—ACTION ON NOTE—JUNE 11.

# Logan County National Bank, &c., v. Barclay.

104   97<br>138  355

### APPEAL FROM WARREN CIRCUIT COURT.

1. PLEADING—ACTION ON NOTE—REPLY TO PLEA OF PAYMENT.—In an action on a promissory note where the petition contains the ·allegation that the note is unpaid, no reply is necessary to an affirmative plea of payment in the answer.
2. JOINT OBLIGATION—EXTINGUISHMENT OF NOTE BY ASSIGNMENT TO FIRM OF WHICH ONE OBLIGOR IS MEMBER.—The ·assignment of a note of two obligors to a firm of which one of them was a member, operated to extinguish the debt as to the obligor who thus became both obligor and obligee.
3. JOINT OBLIGATIONS—RELEASE OF ONE JOINT OBLIGOR RELEASE OF OTHER.—The extinguishment of the debt in such a case as to one of the obligors operated to release the other from liability on the note.

SIMS & COVINGTON AND MITCHELL & DuBOSE FOR APPELLANTS.

(W. F. BROWDER OF COUNSEL.)

1. PAYMENT BY OPERATION OF LAW.—It is not the possession of the equitable right to the proceeds, by one of the obligors, that satisfies a promissory note, but the inability to maintain an action at law on the obligation that raises a presumption of its payment. Long, &c., v. Bank of Cynthiana, 1 Littell, 290; Bridges v. Reed, 9 Bush, 329.

This presumption only obtains when there has been an endorsement, and even when endorsed, such presumption may be overcome, by allegation and proof, showing it was not the in-

[7]

tention of the parties that the obligation should be satisfied. Smith v. Latimer, 15 B. M., 75.

An action instituted by and in the name of the payee, exhibiting the note unendorsed, as part of the petition, dispenses with allegation or proof, that the right to enforce payment of the obligation, in the name of the obligee, was purchased by the equitable beneficiary.

The possession and ownership by a firm of an obligation signed by one of its members, as one of several obligors, does not operate as a payment of the debt. Debard v. Crow, 7 J. J. M., 7; Callahan v. Bank of Kentucky, 82 Ky., 231.

Whether or not an obligation was satisfied by its transfer to one of the several obligors, is a question of fact, and after a verdict all uncertainties or doubts are resolved in favor of the verdict. Wilson v. Hunt's Admr., 6 B. M., 397; Daniel v. Holland, 4 J. J. M., 18; Riggs v. Maltby, 2 Met., 288; Louisville, &c., v. Murphy, 9 Bush, 189; Drake, &c., v. Semonin, 82 Ky., 291.

2. REPLY TO PLEA OF PAYMENT.—At common law it was necessary in an action on a breach of contract to allege the breach; if brought on a promissory note an allegation of non-payment was essential. A plea of payment made an issue on this allegation, and concluded to the country. Chitty's Pleading, 332; Van Santvoord Pl., 226; Gould's Plead., sec. 196; Clarkson v. White, 3 B. M., 376.

The Code makes no change in the law which determines what facts constitute a cause of action. Every essential averment required to make a declaration good, must be made in a petition. The breach is an essential part of the cause of action, and must be averred either negatively or affirmatively. Hill v. Barrett, 14 B. M., 67; Louisville, &c., Canal Co. v. Murphy, 9 Bush, 522; Moxley v. Moxley, 2 Met., 309; Pomeroy's Code, Rem., sec. 514.

New matter is that which admits the facts alleged, but avoids them by introducing a new subject of controversy operating as a defense. The plea of payment does not admit the allegation of non-payment, but raises an issue as to its truth. The form of pleading can not make that new matter which is merely responsive to the petition, and to hold that a reply is required, would be to hold that the allegation of non-payment is an immaterial allegation. Whether matter is new or not must be determined by the new matter, not by the form

in which it is pleaded. Frisch v. Caler, 21 Cal.,, 71; Van Gieson v. Van Gieson, 10 N. Y., 316; Pomeroy's Code, Rem., sec. 700.

No reply is necessary where the alleged new matter involves only a denial of what is averred in the petition or an affirmance of what is denied therein. Vittitoe v. Jones, 6 J. J. M., 515; Davis v. Dycus, 7 Bush, 4; Boone v. Shackelford, 4 Bibb., 67; Trustees Orphans' School v. Fleming, 10 Bush, 234; Dugan's Admr. v. Harris, &c., 6 Ky. Law Rep., 596; Blalock, Allison & Co. v. Keys, 13 Ky. Law Rep., 205; Brown v. Ready, 14 Ky. Law Rep., 583.

Contra: Kentucky authorities.

While an issue would be made by a plea of payment, it would not be the issue. Braun v. Monroe, 12 Ky. Law Rep., 256; Superior Court.

The only sensible rule is that expressed in the formula:"I said it once and I say it again, the note is unpaid." Brief for appellee.

The diversity of ruling on this question, by the courts of other Code States has caused a variety of opinion among the lawyers of our State. We have, therefore, endeavored to show, as far as the limits of a brief would permit, that the authorities which hold a reply necessary to this plea are mainly controlled by statutory forms of pleading, and because of this, and other reasons, disregard the rules and precedents of common law. But all of these courts hold a reply is waived or its purpose accomplished when a verdict is rendered. In Kentucky the courts interpret the Code in the light of common law and common sense, and both of these luminaries bring vividly before us the oft-repeated declaration that no reply is necessary where the alleged new matter involves only a denial of what is averred in the petition, or an affirmance of what is denied therein.

MITCHELL & DuBOSE IN A SEPARATE BRIEF FOR APPELLANT.

1. The note, coming to the possession of one of the obligors, is not *ipso facto* thereby paid, but this is a fact to be determined by the circumstances attending the transfer. Callahan v. First Nat. Bank of Louisville, 78 Ky., 604; Callahan v. Bank of Kentucky, 82 Ky., 231; Smith v. Latimer, 15 B. M., 75.

2. It being necessary to negative in the petition the payment of the note sued on, it is not necessary to reiterate this negative to a

plea of payment made in the answer, though made in affirmative language. In short, no reply is necessary to a plea of payment upon a suit upon a promissory note where the petition negatives the fact of payment. Chitty's Pl. (old ed.), p. 1001; Clarkson v. White, 3 B. M., 376; Dugan's Admr. v. Harris, 6 Ky. Law Rep., 596; Brown v. Ready, 14 Ky. Law Rep., 583.

LEWIS McQUOWN FOR APPELLEE.

1. The assignment released the liability of W. F. Barclay and thereby extinguished the whole obligation. Long v. Bank of Cynthiana, 1 Litt., 290; Debard v. Crow, 7 J. J. M., 7; Suttles v. Whitlock, 4 Mon., 451; Allin v. Shadburne's Exr., 1 Dana, 68; Cooper v. Poston, 1 Duv., 92; Ryan v. Doyle, 79 Ky., 363.

2. Ryan and Barclay could not maintain an action as endorsees of the note against W. F. Barclay. Thomas v. Thomas, 3 Litt., 8; Allen v. Gray, 1 Mon., 98; Simrall v. O'Bannons, 7 B. M., 608; Burley v. Harris, 8 N. H., 233; 29 Am. Dec., 650; Collyer on Part., sec. 676 (Wood's ed.) and note, p. 1005; Stevens v. West, 1 How., 308; s. c. 29 Am. Dec., 630.

3. The sale and delivery of the note to Ryan and Barclay was sufficient to authorize them to maintain the action if the obligation had not been extinguished. Newman's Pleading and Practice, p. 78.

4. Affirmative averment of payment in the answer must be denied by reply. Civil Code, sec. 126; Pom. on Rem., sec. 700; McElroy v. Buckner, 35 Ark., 535; Scott v. Morse, 54 Iowa, 732; Jones v. Lavender, 55 Ga., 228; Hubler v. Pullen, 9 Ind., 273; Baker v. Kistler, 13 Ind., 63; Stevens v. Thompson, 5 Kan., 305; Martin v. Pugh, 23 Wis., 184; Hillman v. Morton, 9 Ky. Law Rep., 198; Braun v. Monroe, 12 Ky. Law Rep., 256; L. & N. R. R. Co. v. Copas, 16 Ky. Law Rep., 14; Evans v. Stone, 80 Ky., 78.

5. The verdict did not cure the failure to deny the plea of payment. Drake v. Semonin, 82 Ky., 291.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF FOR APPELLEE.

1. Payment was required to be plead by answer at common law and denied by replication. 1 Chitty, pp. 504, 611 (7th ed.)

2. The code has not changed the rule of the common law. Secs. 95, 98, 112, 126; Hill v. Barnett, 14 B. M., 67; Richmond & L., T. P. R. Co. v. Rogers, 7 Bush, 532; L. & P. Canal Co. v. Murphy, 9 Bush, 522.

Logan County National Bank, etc., v. Barclay.

3. Averment of non-payment in the petition not material and denial of it forms no issue, requires no proof and will let in none as to payment.   Hublen v. Pullen, 9 Ind., 273; Van Santf. Pl., 407, 416; Edson v. Dillaye, 8 How. Pr. Rep., 273.

MITCHELL & DuBOSE for appellants in a petition for a rehearing.

1. It is a well settled rule in this State that it is a question of fact whether the parties intended to pay off and discharge an obligation or to preserve and enforce the payment thereof.   Long & Robinson v. Bank of Cynthiana, 1 Litt., 290; Daniel of Neg. Inst., sec. 1221; Daugherty v. Deering, 45 Iowa, 443.

2. The legal title and ownership of a note given only pass by endorsement or assignment.   Therefore the possession of a note unendorsed by one of the obligors does not raise the presumption that it has been paid or satisfied and does not release any of the obligors thereon.   Daniel on Neg. Instr., secs. 664, 741, citing Limestone v. Williamson, 2 Bibb, 83; Brooking v. Clark, 2 Litt., 198; Baring v. Lyman, 1 Story (U. S.), 396; Davis v. Briggs, 29 Me., 304; Walker v. Wait, 50 Vt., 668; Roberts v. Ripley, 14 Conn., 543.

3. It is a question of intention or fact to be ascertained from the pleadings and proof in the case.   Callahan v. Bank of Kentucky, 82 Ky., 231.

4. Conceding that the sale and delivery of the note without endorsement to the firm of Ryan & Barclay extinguished the liability of W. F. Barclay thereon, this did not extinguish the liability of J. W. Barclay.   Briggs v. Phillips, 17 Tex., 128.

LEWIS McQUOWN for appellee in response to a petition for a rehearing.

1. When the exhibit and pleading are at variance, the exhibit will control.   Boyd v. Bethel, 10 Ky. Law Rep., 470.

2. Beneficial interest in promissory note passes by delivery; and beneficial holder, not only may, but must sue in his own name. Turpin v. Thompson, 2 Met., 420; Kemper v. Kemper, 1 Duv., 401; Ashbrooke v. Ryan, 2 Bush, 228; sec. 18, Civil Code of Practice; Newman's Pl. and Pr., p. 78.

3. The legal title holder of chose in action has no right, under the Code of Practice, to bring an action for the use and benefit of the beneficial owner.   Lytle v. Lytle, 2 Met., 127.

4. In order to recover in an action at law, the partners suing must all be entitled to recover. Fields Briefs, vol. 5, sec. 26; Cochran v. Cunningham, 16 Ala., 448.

5. When the parties or either of them are necessary parties plaintiffs or defendants, the action can not be maintained. Collier on Part. (Wood's Ed.), sec. 676 and note, p. 1005; Thomas v. Thomas, 3 Litt., 8.

6. Whenever by assignment (parol or written), the makers or any of them become the proprietors of a note, the right of action is suspended and this operates to extinguish liability. Long v. Bank, 1 Litt., 290; Debard v. Crow, 7 J. J. M., 7.

7. This last named rule operates without regard to the law of principal and surety. Smith's Mercantile Law, p. 355; Stevens v. West, 1 How. (Miss.), 308; s. c., 29 Am. Dec., 630.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In February, 1880, the appellee, J. W. Barclay, and one of the appellants, W. F. Barclay, executed a note to the Logan County National Bank, due four months after date, for $700. After the maturity of the note it was sold and delivered to Ryan & Barclay, a firm composed of C. H. Ryan and W. F. Barclay, one of the obligors, and afterwards sold and delivered to H. Barclay Caldwell. The note seems to have passed without assignment, but by delivery merely, to Ryan & Barclay, but by this firm was assigned by separate instrument to H. Barclay Caldwell. This action was brought in the name of Logan County National Bank, C. H. Ryan, and W. F. Barclay, and H. Barclay Caldwell, for the sole use and right in the latter, against appellee, J. W. Barclay. The appellee filed answer in two paragraphs, the first one as follows: "The defendant, J. W. Barclay, for his answer herein, says that the plaintiffs are not entitled to have judgment against him in this action, because he says that the note sued on and filed with the petition was fully paid off and discharged long before the institution of this action." By

a second paragraph of the answer it is pleaded that the plaintiff W. F. Barclay is the same W. F. Barclay who was a joint obligor in the note sued on, and engaged in business with C. H. Ryan under the firm name of Ryan & Barclay, and that, by reason of the assignment of the note to that firm, the liability of W. F. Barclay was extinguished as an obligor, and by operation of law this appellee was released from liability upon said note; that the firm of Ryan & Barclay held the note till they ceased to do business as a firm, before the assignment to H. Barclay Caldwell. After the court had overruled a demurrer to the second paragraph, appellants filed reply, controverting its allegation that before the assignment to Caldwell the firm of Ryan & Barclay had ceased to do business. Upon the issues thus presented trial was had before a jury, and a verdict rendered for appellants. The appellee then moved the court for judgment notwithstanding the verdict. This motion the court sustained, and rendered judgment dismissing the action, and from that judgment this appeal is prosecuted.

It will be observed that the appellant did not reply to the first paragraph of the answer pleading payment, and appellee insists the answer should be taken as confessed, and there was no issue as to payment. The petition contains the usual allegation that the note is just, due, and wholly unpaid, except interest paid. In the case of Ermert v. Dietz, 19 Ky. Law Rep. 1639 [44 S. W. 138], this court said: "We are of opinion that it was not necessary for the plaintiff to file a reply traversing the allegation of payment. The plaintiff alleged, as we have stated, that no part of the account had been paid or any interest thereon. The answer does not, in express words, deny the allegation of the petition as to payment, but does so by affirma-

tively alleging that the defendant has paid the debt and
interest.    Section 126, Civ. Code Prac., provides that
every material averment of a pleading is to be taken as
true, unless specifically traversed (but with certain ex-
ceptions which have no application to this case).   When
the affirmative averment, as in this case, in effect, is a
denial of an averment in the petition, a traverse is un-
necessary."   By this it is clear that a reply to the plea
of payment was unnecessary.

The reply to the second paragraph of the answer denied
that the firm of Ryan & Barclay, before the assignment
to Caldwell, had dissolved and ceased to exist.   However,
it did not deny, and therefore admitted, that the W. F.
Barclay, of the firm of Ryan & Barclay, one of the plain-
tiffs, was the same party who was a joint obligor on
the note when executed to the Logan County National
Bank, and the note was sold and delivered to the firm of
Ryan & Barclay.   The question then presented is, was
the liability of the appellee on the note extinguished by
its transfer and sale to Ryan & Barclay?   In the case
of  Long  &  Robertson  v.  Bank  of  Cynthiana,  1
Lit.,   290,   the   court   said:      "The   indorsement   of
the   note   to   the   defendants   must   operate   as   an
extinguishment  of  their  obligation  to  pay  it;  for,
by the indorsement to them, they became its proprietors,
and they could not be bound to themselves.   Nor could
the obligation, thus extinguished, be resuscitated by the
indorsement and delivery by them to the bank; for, in
general, when an obligation is once extinguished, it can
not be revived."   In the case of Debard v. Crow, 7 J. J.
Marsh. 7, the court said:   "It is true that, if the obligee
makes his obligor executor, the cause of action may be
extinguished.   So, too, if a feme obligee marry the

obligor, his legal obligation may be released by opera-
tion of law.   And the same consequence will result from
either of those acts by an obligee although there may be
other co-obligees and other co-obligors than the obligee
and obligor immediately engaged in the act of extinguish-
ment; for a release by one of several co-obligors will re-
lease the whole obligation, and any voluntary act of an
obligee, whereby an action on the obligation is destroyed
or suspended, is, by operation of law, equivalent to a
formal and actual release."   In the case of Williamson
v. McGinnis, 11 B. Mon. 74, this court said:   "An absolute
release to one of several, who are jointly bound, exoner-
ates all the obligors.   This is a well-settled rule of law."

We are of opinion that the sale and delivery by the
bank after maturity to the firm of Ryan & Barclay oper-
ated to extinguish the note as to W. F. Barclay, as at that
time he was both co-obligor and co-obligee, and that at
that time the firm of Ryan & Barclay could not have main-
tained suit on the note against J. W. and W. F. Barclay.
This being true, the extinguishment as to W. F. Barclay
operated as an extinguishment as to J. W. Barclay.   Nor
is this doctrine in conflict with that laid down in Smith
v. Latimer, 15 B. Mon. 61.   That case decides that "one
of several joint and several obligors may pay off the note
to the obligee, and, by agreement with the obligee, reserve
the right to sue the other joint and several obligors at
law in the name of the obligee upon the note."   In the
case at bar it is not pretended that one of the obligors
paid the note off, and reserved the right to sue in the
name of the obligee, but the allegation is that the note
was sold and delivered after maturity to Ryan & Barclay,
not that it was paid off by W. F. Barclay as surety, and
the note taken, reserving the right to sue in the name

of the obligee. The case of Smith v. Latimer has no application to the case at bar. We are therefore of opinion that the court did not err in rendering judgment for appellee notwithstanding the verdict of the jury. Judgment affirmed.