## Roberts' Trustee v. Terry.
(Decided December 4, 1914.)

### Appeal from Harrison Circuit Court.

1. Principal and Surety—Assignment—Liens.—Where one becomes the surety of a debtor to enable him to raise money to pay a debt secured by a lien, under an agreement that the secured debt is to be assigned to the surety to indemnify him, and the debt is actually assigned to the surety by the creditor pursuant to the agreement, the assigned debt, together with the lien to secure it, remains in force for the benefit of the surety.

2. Principal and Surety—Assignment.—But if no assignment be made to the surety, and his contract remains entirely in parol, it is unenforcible.

WADE H. LAIL and HANSON PETERSON for appellant.

M. C. SWINFORD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On November 24, 1911, J. M. Terry and J. S. Walden filed this action against W. H. Roberts and others, alleging, in substance, that on March 24, 1902, W. H. Roberts, with the plaintiffs as his sureties, signed and delivered to Paul Renaker a note for $400.00, due six months thereafter; that to indemnify them, Roberts, simultaneously therewith, executed and delivered to them a mortgage upon an interest he owned in a certain tract of land therein described; and that on October 24, 1910, they had each been compelled to pay, on a renewal of said note, the sum of $191.36. They asked judgment for the amounts they had paid, and that the land be sold to pay it. Walden subsequently withdrew from the action, leaving Terry as the only plaintiff.

In February, 1912, Roberts was adjudged a bankrupt. His trustee answered in this action, denying the allegations of the petition, and alleging that the mortgage above referred to had been executed to Terry and Walden to secure the payment of an entirely different debt from the one set forth in the petition, and that the debt for which the mortgage had been given had long since been paid in full, without any loss whatever to the plaintiff Terry.

When the case came on for trial, Terry tendered an amended petition, which was filed over the objection of the defendant. The amended petition corrects the original petition by saying that the mortgage therein set up was executed and delivered to indemnify Terry and Walden as surety of Roberts to Cyrus Rankin upon a note executed by Roberts as principal to Rankin for $330.00, for money advanced on March 29, 1902, and some other money in addition to the said $330.00 advanced to Roberts to enable him to carry on his farming operations; that said Rankin note for $330.00 was, by its terms, due on or about the 1st day of March, 1903; that on or about the —— day of August, 1902, the defendant Roberts solicited Terry and Walden to become bound as his sureties to Paul Renaker for the sum of $400.00, agreeing in parol with them, and before they became bound as his sureties upon the note to Renaker, that Roberts would pay off the Cyrus Rankin note at its maturity, and that the mortgage which he had made Terry and Walden, on or about March 29, 1902, to secure them against liability on the Rankin note, should be held by

them as indemnity against their suretyship upon the Paul Renaker note.

The amended petition further alleged that Terry and Walden signed the Renaker note as sureties for Roberts, upon the express condition and agreement that he would indemnify them as above stated; that until after the bringing of this action the said mortgage had at all times, by the said Roberts, Walden and Terry, been regarded and treated as a valid, live, and subsisting mortgage; and that it had been re-executed, re-acknowledged, and re-delivered to Terry pursuant to the parol agreement, by Roberts and wife on or about the 29th day of December, 1907, on which date Roberts and wife executed and delivered to Walden a mortgage upon the land covered by the first mortgage herein sued on. It is contended that the re-acknowledgment of the original mortgage is found in the concluding clause of the new mortgage of December 28, 1907, to Walden, which contained the following recital: "This mortgage is a second mortgage on the above real estate. First mortgage on same being held by J. S. Walden and James M. Terry for $400.00. See mortgage book R, page 348, Harrison County Court."

The case was tried before a jury and resulted in a verdict and judgment for Terry, with a lien against Roberts' interest in the mortgaged land; and from that judgment Roberts' Trustee in Bankruptcy appeals.

As grounds for a reversal appellant contends the trial court erred in the following particulars: (1) In allowing Terry to file his amended petition, because it was a departure from the original cause of action, and further because the amendment did not state a cause of action; (2) in refusing to peremptorily instruct the jury to find for appellant; and sundry other objections which it will not be necessary to consider.

Terry's contract of indemnity, as shown by his petition as amended, was wholly in parol, unless the recital in the mortgage of December 28, 1907, to Walden had the effect of re-acknowledging and re-executing the original mortgage upon the same land which had been mortgaged to Terry and Walden in 1902.

Appellant contends that Terry had no enforcible contract for a lien, under the authority of Thompson's Admr. v. George, 86 Ky., 311, where it was held that a re-delivery of a mortgage which had been satisfied by the payment of the debt it secured, upon the agreement that

it should secure a different debt, did not create a lien to secure the different debt. In that case the transaction was said to be nothing better than a pledge of title papers by the debtor with his creditor, under a parol agreement that the property described therein should be subjected to its payment, or rather that a lien should exist for the payment of the debt; a doctrine which has never been in force in this jurisdiction.

Appellee, however, attempts to distinguish Thompson's Admr. v. George from Roberts v. Bruce, 91 Ky., 379. The last case recognized the doctrine of Thompson's Admr. v. George, *supra,* that the absolute payment of a debt without any agreement or understanding that it should continue in force for some purpose, or the benefit of some one, terminated not only its existence, but the existence of any lien to secure the payment of the debt. It went further, however, and held that where one becomes the surety of a debtor to enable him to raise money to pay a debt secured by a lien, under an agreement that the debt is to be assigned to the surety to indemnify him, and the debt is actually assigned to the surety by the creditor pursuant to the agreement, the assigned debt, together with the lien to secure it, remains in force for the benefit of the surety. This principle was again recognized in Jarboe v. Shively, 109 Ky., 405.

The facts, however, of the case at bar do not bring it within the doctrine announced in Roberts v. Bruce, *supra,* because we have here no execution of the parol contract. U. L. & D. Bank v. Bitzer, 117 Ky., 449. This is a vital and material distinction, since it is not possible to make a valid parol mortgage of realty. Thompson's Admr. v. George, 86 Ky., 313.

Neither do we think the recital in the mortgage of 1907 to Walden, to the effect that the mortgage then made was a second mortgage, and that Walden and Terry held a first mortgage on the same property, amounted to a re-execution of the mortgage of 1902. It was merely a part of the description of the land; it was not intended to serve any other purpose.

If the mortgage of 1902 had then been in existence, can it be contended that a recital in the mortgage of 1907 to the effect that it was a first mortgage, and that the mortgage to Walden and Terry was a second mortgage, could make them so? We think not.

When the Rankin note was paid off and discharged, the mortgage given to secure it ceased to be effective for

any purpose. That fact brought this case squarely within the doctrine announced in Thompson's Admr. v. George, *supra.*

If, on the other hand, appellee had carried out his oral agreement with Roberts by securing an assignment of the Rankin note for the purpose of securing the Renaker note, he might have brought himself within the doctrine announced in Roberts v. Bruce, *supra.* In not doing this he failed to perfect the lien for which he had orally contracted.

It follows, therefore, that the petition as amended did not state facts which justified the trial court in awarding appellee a lien to secure his debt.

Judgment reversed for further proceedings consistent with this opinion.