## City National Bank of Paducah v. Exchange Bank of Mayfield.

(Decided May 29, 1934.)

W. F. McMURRAY, Jr., and M. P. WALLACE for appellant.
HOLIFIELD, GARDNER & McDONALD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In September, 1919, Eva Bradley sold and conveyed to C. W. Wilson and C. E. Burnett her farm in Graves county, Ky., for the consideration of $7,208 of which $1,000 was paid and the balance was evidenced by three notes as follows: $2,604 due December 1, 1919, $1,802 due September 19, 1920, and $1,802 due September 19,

1921, all of which were secured by retaining a lien in the deed.

The note for $2,604 was paid in October, 1920, and the lien was released of record as to this note. Some time after the maturity of the other two notes for $1,802 each, in June, 1922, Wilson and Burnett borrowed from the City National Bank of Mayfield, Ky., a sum of money sufficient to pay Mrs. Bradley the two notes, and she indorsed each note in blank and delivered them to Wilson and Burnett and by a writing on the margin of the record, she transferred each of the notes and the lien to T. P. Smith (who was an officer of the bank), for the benefit of the bank, to secure its loan to Wilson and Burnett. Wilson and Burnett then gave Mrs. Bradley their check for the full amount due on each note, and executed their joint note to the City National Bank of Mayfield for the amount to cover their check to Mrs. Bradley and attached to their note the two $1,802 land notes as collateral security.

The City National Bank of Mayfield carried these notes until June, 1923, at which time Wilson and Burnett borrowed of the First National Bank of Paducah the sum of $3,700 to pay the City National Bank of Mayfield, for which sum they executed their joint note to the Paducah bank, to which were attached, as collateral security, certain shares of stock in the Coal & Ice Company and Carter Hardware Company. According to the bank record, as shown by this record, no other collateral security was required or attached to the note at that time.

When Wilson and Burnett paid their note at the City National Bank of Mayfield, it was canceled and surrendered to them together with the land notes which had been executed to Mrs. Bradley and attached to their note as collateral, and thereafter they delivered the two land notes to the First National Bank of Paducah as additional collateral security for the money they had borrowed of it.

In November, 1930, the First National Bank of Paducah sold its assets to the City National Bank of Paducah, including the Wilson-Burnett note to which were attached the Bradley land notes as above stated.

In October, 1931, the City National Bank of Paducah went into receivership and liquidation and Jeff H. Hook-

er was appointed receiver and, as such, took charge of its assets.

In November, 1929, Wilson and Burnett borrowed $1,500 of the Exchange Bank of Mayfield and secured same by a mortgage on the same land they had purchased of Mrs. Bradley. When Wilson and Burnett negotiated their loan with the First National Bank of Paducah, no transfer of the lien, as it then stood in favor of the Mayfield bank, was made or assigned to the Paducah bank. It does not appear from the record that the City National Bank of Mayfield had any part in negotiating the loan with the Paducah bank to Wilson and Burnett, the transaction being solely between Wilson and Burnett and the First National Bank of Paducah.

In 1932 the Exchange Bank of Mayfield filed this suit in the Graves circuit court against Wilson and Burnett to collect its note and foreclose the mortgage, and made the City National Bank of Paducah and T. P. Smith party defendants, alleging that the receiver of the City National Bank of Paducah and Smith were claiming a lien on the real estate, but alleged that they had no lien of record or otherwise, but asked that they assert whatever rights, if any, they may assume to have. The receiver of the City National Bank of Paducah filed his answer and cross-petition setting out in full the transactions between Eva Bradley and Wilson and Burnett concerning the real estate transaction between them and the notes in payment thereof and all the facts pertaining to the transfer of the notes and liens and the loan obtained from the First National Bank of Paducah, and the purpose and application of the funds, in substance as above stated, and alleged that by these transactions, it acquired a first lien on the land.

The plaintiff, Exchange Bank of Mayfield, filed its motion to strike certain allegations from the answer and to make it more specific and also filed a general demurrer, and without waiving its motions or demurrer, it filed its reply denying the essential allegations of the answer and cross-petition and affirmatively pleaded that at the time it made the loan to Wilson and Burnett and took the mortgage upon the real estate in controversy, it had no notice of any lien had or claimed by the City National Bank of Paducah (successor to the First National Bank of Paducah) or any one else. It pleaded that the two notes of $1,802 each were paid in full

in June, 1923, to the City National Bank of Mayfield by the principal debtors, Wilson and Burnett, and were at that time surrendered to them and the lien securing them was thereby extinguished; that it had no knowledge of any lien on the land mortgaged to it to secure its loan, except that as appeared of record to T. P. Smith; that before making the loan it investigated the record and learned from T. P. Smith, who was president of the City National Bank of Mayfield at the time the lien was transferred to him for the bank, that the two notes of $1,802 each were transferred by Mrs. Bradley to the City National Bank of Mayfield, instead of to Smith, or to Smith for the benefit of the bank, and that each of the notes had long since been paid in full to the City National Bank of Mayfield by Wilson and Burnett and surrendered to them by the bank.

It further alleged that neither of the notes were ever transferred by the City National Bank of Mayfield to the First National Bank of Paducah nor was there any assignment of the lien to the First National Bank of Paducah, and that if the notes (land notes) were ever delivered to the First National Bank of Paducah, they were delivered by Wilson and Burnett, the makers thereof, which they had fully paid and satisfied, and surrendered to them.

It further pleaded that in 1927 the City National Bank of Mayfield consolidated with the First National Bank of Mayfield, and succeeded to all its records and assets, and made the latter bank a party, and asked it to assert its lien, if any it claimed.

T. P. Smith filed his separate answer alleging, in substance, that the two Bradley land notes were indorsed by Mrs. Bradley and delivered to the City National Bank of Mayfield, and that the transfer of these two notes to him was through error, and should have been made to the City National Bank of Mayfield, of which he was president at that time; that the notes were delivered to his bank by Wilson and Burnett as collateral security for $3,712.88, which Wilson and Burnett executed and delivered to his bank on June 8, 1922, and which was thereafter paid in full by Wilson and Burnett and the collateral (land notes) surrendered to them, and that neither he nor the City National Bank of Mayfield claimed any lien upon the said real estate.

The First National Bank of Mayfield filed its an-

swer setting up its consolidation with the. City National Bank of Mayfield and denied. any claim or interest in or to the Bradley land notes or the real estate, and adopted the answer of T. P. Smith as its answer.

The appellant receiver did not controvert by pleading or otherwise deny appellee's reply or the answer of T. P. Smith or the First National Bank of Mayfield.

While the suit was pending and prior to the final. judgment in the case, the land was sold under an agreement that the liens of the respective parties, if any, should affix themselves to the proceeds of the sale. The land was sold and bid in by the Exchange Bank of Mayfield, plaintiff below, for a sum of a few dollars in excess of the amount of its debt. The proof was taken and the case prepared for trial and the court entered a judgment awarding the Exchange Bank of Mayfield a. first lien on the proceeds of the property under its mortgage of November, 1929, and awarded the receiver of the City National Bank of Paducah a second lien upon the proceeds, and from that judgment the receiver of the City National Bank of Paducah prosecutes this. appeal.

It is insisted for the appellant that the delivery of the Bradley land notes to the First National Bank of Paducah by Wilson and Burnett in the manner and in the circumstances above set out created a lien on the land in favor of the First National Bank of Paducah, and that appellee had notice of same and acquired its. mortgage subsequent thereto, and for these reasons its. mortgage lien was secondary only in point of priority, and that the court erred in failing to adjudge the appellant a first lien on the proceeds of the land.

To support its theory the cases of Bradley v. Curtis, 79 Ky. 327, 2 Ky. Law Rep. 329, Johnson v. Gwathmey, 4 Litt. (14 Ky.) 317, 14 Am. Dec. 135, Summers v. Kilgus, 14 Bush 77 (Ky.) 449, Dudley v. Goddard, 12 S. W. 302, 382, 11 Ky. Law Rep. 480, are cited as authority. An analysis of the facts in the cases, supra, disclose that they are not analogous to the facts in the case at bar.

In the case at bar the notes executed by the vendees, Wilson and Burnett, for the purchase price of the land, had been paid in full by them as the makers thereof and surrendered to them, without any transfer or

indorsement by the City National Bank of Mayfield or any transfer of the lien. The delivery of these notes to the Paducah bank by Wilson and Burnett without an assignment of the lien and without the indorsement or transfer of the notes by the City National Bank of Mayfield did not create a lien on the land in favor of the Paducah bank.

Kentucky Statutes, sec. 3720b-119, sets out how a negotiable instrument is discharged as follows:

"[1] By payment in due course by or on behalf of the principal debtor.

"[2] By payment in due course by the party accommodated, where the instrument is made or accepted for accommodation.

"[3] By the intentional cancellation thereof by the holder.

"[4] By any other act which will discharge a simple contract for the payment of money.

"[5] When the principal debtor becomes the holder of the instrument at or after maturity in his own right."

The Bradley land notes and the lien securing them were assigned to the City National Bank of Mayfield by Mrs. Bradley for the purpose of securing the Wilson-Burnett note, and, after their note had matured, they paid it in full, which was surrendered to them together with the collateral, Bradley land notes, which also had been paid by the makers and had fully served their purpose as collateral. This, we think, constituted payment in due course by the principal debtor after maturity, under subdivision 1, above quoted; and this act was sufficient to discharge a simple contract for the payment of money under subdivision 4; and, after Wilson and Burnett, the principal debtors, became the holders of the instrument after maturity in their own right, it was discharged, under subdivision 5.

In Logan County National Bank v. Barclay, 104 Ky. 97, 46 S. W. 675, 676, 20 Ky. Law Rep. 773, J. W. Barclay and W. F. Barclay executed a note to the Logan County National Bank. After the maturity of the note, it was sold and delivered to Ryan and Barclay, a firm composed of C. H. Ryan and W. F. Barclay, one of the

obligors, and thereafter sold and delivered to one Caldwell. The note passed without assignment, but by delivery merely to Ryan and Barclay, and by this firm was assigned by separate instrument to Caldwell.

The Logan County National Bank, C. H. Ryan, and W. F. Barclay (the firm of Ryan & Barclay), and Caldwell brought suit for the sole use and right of Caldwell to recover on the note. J. W. Barclay pleaded as his defense that the note sued on was fully paid off and discharged before the institution of the action and that W. F. Barclay was the same W. F. Barclay who was a joint obligor on the note, and by reason of the assignment of the note to the firm of Ryan & Barclay, the liability of W. F. Barclay was extinguished as an obligor, and, by operation of law, J. W. Barclay was released from liability upon the note. On an appeal to this court it was held that the plaintiffs could not recover of J. W. Barclay on the note, because he was a maker or obligor, and later it came into his hands as a holder thereof. In the opinion the court quoted with approval from the opinion in the case of Long and Robertson v. Bank of Cynthiana, 1 Litt. 290, 13 Am. Dec. 234, as follows:

"The indorsement of the note to the defendants must operate as an extinguishment of their obligation to pay it; for by the indorsement to them, they became its proprietors, and they could not be bound to themselves. Nor could the obligation, thus extinguished, be resuscitated by the indorsement and delivery by them to the bank; for, in general, when an obligation is once extinguished, it cannot be revived."

And later in the course of the opinion the court further said:

"We are of opinion that the sale and delivery by the bank after maturity to the firm of Ryan & Barclay operated to extinguish the note as to W. F. Barclay, as at that time he was both co-obligor and co-obligee, and that at that time the firm of Ryan & Barclay could not have maintained suit on the note against J. W. and W. F. Barclay."

For other cases of similar holdings on this subject, see Thompson's Adm'r v. George, 86 Ky. 311, 5 S. W. 760, 9 Ky. Law Rep. 588; Deavenport v. Green River Dep. Bank, 138 Ky. 352, 128 S. W. 88, 137 Am. St. Rep.

386; United Loan & Deposit Bank of Campbellsville v. Bitzer, 117 Ky. 443, 78 S. W. 183, 25 Ky. Law Rep. 1538; Schmidt v. Carter's Adm'r, 95 Ky. 1, 23 S. W. 364, 15 Ky. Law Rep. 402; Roberts v. Bruce, 91 Ky. 379, 15 S. W. 872, 12 Ky. Law Rep. 932; Daniel on Negotiable Instruments (5th Ed.) vol. 2, sec. 1221, page 243.

Had the lien and land notes been assigned to the First National Bank of Paducah by the City National Bank of Mayfield, for the purpose of transferring them to the Paducah bank, a different case would have been presented. But this not having been done and the notes having been fully paid by the makers and delivered to them and having served their purpose as collateral, the mere delivery of them to the Paducah bank without any transfer of the lien could not create a lien against the land. Thompson's Adm'r v. George, supra.

Whether or not the Exchange Bank, appellee, had notice prior to the obtention of its mortgage, that the First National Bank of Paducah was claiming a lien on the real estate by reason of having possession of the land notes, is immaterial, since the mere possession of the notes by the Paducah bank, under the circumstances it obtained them, did not create a lien on the land as against the Exchange Bank, even with notice of such claim. Schmidt v. Carter's Adm'r and Deavenport v. Green River Dep. Bank, supra.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.