JAMES GARDNER, ET AL., *v.* JOHN P. SALYERS.

[Abstract Kentucky Law Reporter, Vol. 1—420.]

**Liability on Partnership Notes.**

When notes of a partnership come by payment and assignment to the hands of two members of a partnership, they cease to have any vitality, and no suit can be maintained on them. Each member of the firm was liable for the whole debt, and when one of them pays the notes he is entitled to credit by the firm, but he cannot sue the firm upon them.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

November 23, 1880.

OPINION BY JUDGE HINES:

When the notes sued on came by payment and assignment to the hands of A. B. Salyers and Farrish Arnett respectively, they being members of the firm by which the notes were executed, the notes ceased to have any vitality as such, and action will no more lie upon the notes than it would in case they had been paid off by the firm. The notes evidenced a joint and several obligation to pay on the part of each and all the members of the firm of Gardner, Arnett & Salyers. Each member of the firm was liable for the whole debt, and when one of them pays the note he is entitled to credit by the firm of what he may have paid, but he cannot sue the firm upon the note, first, because it has performed its office, and, second, because he in any event could recover, after settlement of partnership affairs, only such balance as might be found due him. If the individual member of the firm could have no action against the other members on the notes he could transfer no right of action thereon to another. Appellee took nothing by the assignment as against Gardner and Farrish Arnett.

Judgment *reversed* and cause remanded with directions for further proceedings.

J. & J. W. Rodman, D. D. Sublett, John F. Hager, for appellants.
William Lindsay, for appellee.

[Cited, *Deavenport v. Green River Dep. Bank*, 138 Ky. 352, 128 S. W. 88.]