(Surrogate's Court, Westchester County. January, 1905.)

TESTAMENTARY GUARDIAN—APPOINTMENT.

Under Domestic Relations Law, Laws 1896, p. 223, c. 272, § 51, providing that upon the death of their father or mother the surviving parent may by will or deed dispose of the custody of a child during its minority, where the father is living, letters of testamentary guardianship will be denied a guardian appointed by the will of the mother, to whom the care of her children was awarded in her action for divorce.

In the matter of the will of Ada H. Waring. Application for letters of testamentary guardianship denied.

Hugh Reavey, for application.

SILKMAN, S. The testatrix has by her will, admitted to probate, appointed a guardian for her minor children other than the father, the latter being alive. The appointee files the usual oath, and asks the issuance of letters of testamentary guardianship, but the application cannot be granted.

The Domestic Relations Law, Laws 1896, p. 223, c. 272, art. 5, § 51, provides in part as follows:

"Upon the death of either father or mother, the surviving parent, whether of full age or a minor, of a child likely to be born, or of any living child, under the age of twenty-one years and unmarried, may, by deed or last will, duly executed, dispose of the custody and tuition of such child during its minority, or for any less time, to any person or persons. Either the father or mother may in the lifetime of them both, by last will duly executed, appoint the other the guardian of the person and property of such child during its minority."

By express provision of the statute it is "the surviving parent" only who may appoint a testamentary guardian, except that each may, in the lifetime of both, by will appoint the other such guardian. The statute confers no power on the mother to do what has been done by decedent in this case, the father being alive. By decree entered in the Supreme Court in October, 1896, an absolute divorce was awarded decedent, and the marriage with her husband, the father of these minor children, was dissolved. Custody of the children was awarded to decedent. The care and custody of the minors thus awarded has been ended by the death of the mother. The right of a parent to dispose of the education and maintenance of a child by will or deed exists by virtue of the statute. Redfield's Practice (6th Ed.) § 1058. In People ex rel. Byrne v. Brugman, 3 App. Div. 155, 38 N. Y. Supp. 193, which was a proceeding by a father to recover possession of an infant son from a testamentary guardian appointed by the will of the mother, who had died during the pendency of a suit for separation brought against the father, the court, after quoting from the statute to the effect that upon the death of either parent the survivor is given the right by deed or will to dispose of the custody of such child or children during their minority, or for any less time, said:

"This statute is still in force, and the petitioner, being the surviving parent, has the sole right to appoint the testamentary guardian of the child, and his right to its custody is absolute (assuming him to be a fit person). Matter of Schmidt, 77 Hun, 201, 28 N. Y. Supp. 350."

Griffin v. Sarsfield, 2 Dem. Surr. 4, decided by Surrogate Farnum, of Allegany county, is directly in point and to the same effect.

Courts are jealous of the welfare of infants, both as to their person and property, will not permit them to suffer in respect to either, and will appoint and remove guardians whenever circumstances make it necessary and proper. The decree of divorce obtained by the testatrix did not determine that the father was an unfit man to have the custody of his children, or unfit to exercise the rights conferred upon him by statute; but it did, by reason of the offense committed by him against the testatrix, punish him by awarding to her, and taking from him, the control and custody of their children. When she died, this penalty ceased, and he became entitled to all his statutory rights, subject only to the control of the courts in case he should exercise them improperly or be unfit. No letters of testamentary guardianship can be issued in this case. Application denied.