Case 35.—ACTION BY CITY SAVINGS BANK, AS GUARDIAN OF VIRGIL THOMAS AGAINST W. E. GARTH, AS GUARDIAN FOR SAME.—April 12.

## Garth v. City Savings Bank.

Appeal from Warren Circuit Court.

B. W. BRADBURN, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

### Infants—Domicile—Guardian—Appointment.

1. Where after the death of her husband in Kentucky, the widow moved from Kentucky to Tennessee, and took her infant child with her, intending to make Tennessee her future home, and died there after having so resided for about three years, her domicile was the domicile of her infant child, and said infant having reached the age of 14 years, had the

Garth v. City Savings Bank.

right under the laws of the State of Tennessee to choose a guardian in said State, and said guardian is entitled to recover the personal estate of the infant from a guardian previously appointed in Kentucky.

2. The fact that sec. 2032, Ky. Stats. gives the custody of the ward's person, as well as his estate to the guardian, does not give the guardian the power to control the domicile of the ward as against its mother.

SAMUEL D. HINES and W. E. GARTH for appellant.

(No brief in the record.)

J. P. ATKINSON and JOHN L. STOUT for appellee.

### POINTS AND AUTHORITIES.

1. Jurisdiction of a court to appoint a guardian. (Tiffany's Persons and Domestic Relations, sec. 158; Schouler's Domestic Relations, sec. 303.)

2. Right of natural guardian to custody of ward. (Ky. Stats., sec. 2033; Tiffany's Persons and Domestic Relations, p. 308.)

3. Right of natural guardian to change domicile of infant child. (Am. & Eng. Ency. Law, 1st Ed., vol. 5, p. 866; Am. & Eng. Ency. Law, 2d Ed., vol. 10, p. 30, and notes; Tiffany's Persons and Domestic Relations, p. 292; Schouler's Domestic Relations, sec. 230; School Directors v. James, 37 American Decisions, 525-527; Lamar v. Micou, 112 U. S., 470-471; Woodward v. Woodward, 11 S. W. Rep., 896; Van Matre v. Sankey, 39 American State Reps., 204; Allen, Adm'r v. Thomasson, 54 American Decisions, 57.)

4. Upon death of natural guardian domicile of infant becomes fixed, remaining same as that of last surviving parent. (City of Louisville v. Sherley, 80 Ky., 74; Mills' Gd'n v. City of Hopkinsville, 11 Ky. Law Rep., 166; School Directors v. James, supra; In matter Afflick, 3 Mac Arthur (D. C.), 95; Lewis v. Costello, 17 Mo. Apps., 593; Van Matre v. Sankey, supra.)

5. Authorizing personal judgment against guardian. (Am. & Eng. Ency. Law, 2d Ed., vol. 15, p. 79; Hemphill v. Lewis, 7 Bush, 216.)

OPINION BY JUDGE BARKER.—Affirming.

This record involves a controversy between appellant and appellee as guardian of Virgil Thomas for the possession of his personal estate. The father of the infant, Sam C. Thomas, died in 1888, domi-

ciled in Warren county, Ky., leaving a wife, Mrs. Fannie Thomas, and the infant, Virgil Thomas, sur- viving him. His only estate appears to have been a policy of insurance on his life, which the company for some reason refused to pay, and which there- upon became a subject of litigation. Pending this controversy a guardian was appointed for the in- fant, and before the policy was finally collected the widow, with her infant son, then about three years old, moved to Nashville, Tenn., and became a resi- dent there. When the policy was paid, the portion of the infant, amounting to about $500, was turned over to his guardian appointed by order of the War- ren county court, and by successive devolution from one guardian to another it has reached the hands of the appellant, who now holds it.

After moving in 1890 to Nashville, Mrs. Fannie Thomas died domiciled there in 1893, on her death- bed giving her son, Virgil, to her mother, Mrs. Annie Law, with whom he has since lived. In 1902, when he had reached the age of 14 years, Virgil Thomas, by virtue of the laws of Tennessee, chose the appellee as his guardian, and this corporation was duly ap- pointed and qualified as such. Afterwards it insti- tuted these proceedings, under sec. 2043, Ky. Stats., 1903, to recover from appellant the personal estate belonging to the infant. In the circuit court the chancellor rendered a judgment in accordance with the prayer of the petition, of which appellant now complains.

It is conceded in the argument by appellant, as we understand it, that, if the domicile of the infant is in Nashville, the appointment of appellee is valid, and the judgment of the chancellor must be affirmed, and by the appellee that, if his domicile is in Warren county, the order of appointment of appellee, for

want of jurisdiction, is void, and the judgment must be reversed.

We have no doubt that when Mrs. Thomas moved to Nashville, in 1890, it was with the intention of making it her permanent residence, and that she became legally domiciled there.  The question of law then arises, did the domicile of the mother become the domicile of her infant son?  This must be answered in the affirmative.  The domicile of the father at his death is the domicile of his infant children.  (City of Louisville v. Sherley, 80 Ky., 71, 3 Ky. Law Rep., 566; Munday v. Baldwin, 79 Ky., 121, 1 Ky. Law Rep., 420; Mills' Guardian v. Hopkinsville, 11 S. W., 776, 11 Ky. Law Rep., 166.)  On the death of the father, the mother, as long as she remains unmarried, is the natural guardian of the infant children, and her domicle becomes theirs.  She, in the matter of controlling the domicile, taking the place of the father.  (School Directors v. James, 37 Am. Dec., 525; Allen, Adm'r v. Thomasson, 54 Am. Dec., 55; A. & E. Encyclopaedia of Law (2d Ed.), vol. 10, p. 30; Cyc., vol. 14, p. 844; Schouler's Domestic Relations, sec. 230.)  The reasoning of the court in the case of Munday v. Baldwin, sought to be applied by appellant to the case at bar, is in no wise inconsistent with the principle that the domicile of the infant after the death of the father follows the mother.  In the case cited an aunt of the infant orphan took him to her home out of this State, and the court held that the aunt had no power to change the domicile of the infant, and it therefore remained where his parents resided at their death.

Nor does it follow, as appellant contends, that because sec. 2032, Ky. St., 1903, gives the custody of the ward's person as well as his estate to the guardian, therefore the latter has the power to control

the domicile of the infant. In Louisville v. Sherley it was held that the residence of the ward was not necessarily that of the guardian. And in School Directors v. James, Chief Justice Gibson said: "When an infant has no parent, the law remits him to his domicile of origin, or to the last domicile of his surviving parent; and why should this natural and wholesome relation be disturbed by the coming in of a guardian, when a change in the infant's domicile is not necessary to the accomplishment of any purpose of the guardianship? The appointment of a new residence may be necessary for the purposes of education or health, but such a residence, being essentially temporary, was held in Cutts v. Haskins, 9 Mass., 543, insufficient to constitute a domicile.* * * A guardian has, indeed, power over his ward's person and residence; but it follows not that the ward's domicile must attend that of his guardian, for there is nothing in a state of pupilage which requires it to do so."

We think that the evidence clearly shows the mother of the infant, after the death of her husband, permanently removed from Bowling Green to Nashville, and became domiciled in the latter city; that she never afterwards changed this domicile, and, under the principle of law announced above, the domicile of her infant son, Virgil Thomas, in 1890, was in Nashville, Tenn., where it now is.

It, therefore, follows that the judgment of the chancellor must be affirmed, and it is so ordered.