CASE 48—ACTION ON A NOTE BY THE GREEN RIVER DE-
POSIT·BANK AGAINST S. A. DEAVENPORT AND
ANOTHER AND ·W. M. BROWN IN WHICH W. M.
BROWN FILED AN ANSWER AND CROSS PETI-
TION AGAINST HIS CO-OBLIGORS.—May 13, 1910.

## Deavenport, &c. v. Green River Dep. Bank, &c.

Appeal from Butler Circuit Court.

McKenzie Moss, Circuit Judge.

Judgment for plaintiff and for cross petitioner,
and Deavenport and another appeal.—Affirmed in
part and reversed in part.

1.   Bills and Notes—Warranty—Lack of Notice—Innocent Pur-
chasers.—Where notice of a warranty was not brought home
to the assignees of a note, given in payment of a horse,
they were innocent purchasers for value before maturity,
so that in an action on the note no set-off or counterclaim
was available as a defense.

2.   Bills and Notes—Joint Maker—Purchase by—Contribution—
Pleading—Amendment.—Though the joint maker of a note
cannot purchase it, and an assignment to him will not
pass title, but only the right to contribution for its payment
the court will in a suit by him on the note allow him to
amend in such manner as to enforce contribution.

3.   Partnership—Firm Note—Purchase by Partner—Remedy of
Partner.—Where a firm note comes into the hands of an in-
dividual member by assignment, it operates as an extinguish-
ment of the note, and he cannot sue upon it or pass such
right to another; his remedy being a credit upon the partner-
ship books with the amount paid.

4.   Partnership—Firm Note—Purchase by Partner—Discount.—
A partner who buys a firm note ·cannot profit at the ex-
pense of the firm, but the firm will be given the benefit of
·any discount on the note which the buyer obtained.

5.   Partnership—Firm Note—Purchase by Partner—Remedy—
Settlement.—Where a partner buys a firm note, he cannot

sue his copartners and obtain a judgment at law; his only remedy being to commence an action for the settlement of the partnership, wherein the rights of all parties may be adjudged.

6. Partnership—Firm Note—Purchase of Half Interest by Partner—Liability of Firm for Balance.—Where a bank, after discounting a note of a partnership, sold a half interest to one of the partners, the partnership was still liable for one-half of the note, and the bank was entitled to a judgment against the partnership for one-half· of the amount of the note, with interest.

N. T. HOWARD, J. D. BRONCH and N. W. GORE for appellants.

W. A. HELM and A. THATCHER for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, S. A. Deavenport and others, and appellee, W. M. Brown, purchased of High Smith Bros., of Illinois, a German coach horse. The purchase price was $2,200. They executed to High Smith Bros. one note for $734, dated November 29, 1905, and payable on or before the 1st day of September, 1907. For the balance they executed two notes payable at a later day. These notes were discounted by appellee, Green River Deposit Bank, before maturity. After the purchase of the notes by the bank, it sold a half interest in them to appellee W. M. Brown. The Green River Deposit Bank sued upon the first note. Appellee W. M. Brown filed an answer and cross-petition against his co-obligors. Appellants defended on the ground of breach of warranty and of notice of this fact to the bank and W. M. Brown. They also defended on the ground that High Smith Bros. were itinerant persons and peddlers, and that the note was

vol. 138—23

void because not marked "peddler's note." As a third ground of defense, they pleaded the assignment by the bank to appellee Brown, and claimed that Brown was thereby released, and therefore they, as his co-obligors, were also released. Upon submission of the case appellee Green River Deposit Bank was given judgment against appellants and appellee Brown for one-half of the note, with interest thereon. Appellee Brown was given judgment against appellants for the sum of $304.02, with interest thereon until paid, which was one-half of the note, less 8 per cent. and one-eleventh part of the same owing by him. From this judgment this appeal is prosecuted.

In the absence of any evidence to the contrary, we think the evidence of the pedigree of the horse and the fact that he got with colts 50 per cent. of the mares served is sufficient to show a compliance with the warranty in these respects. Appellants contend, however, that the agent who effected the sale represented that the horse purchased would get only black, bay, and mahogany-bay colts. It is a sufficient answer to this contention to say that the evidence does not show that any notice of such warranty was brought home to the bank or to appellee Brown. We therefore conclude that the bank and Brown were innocent purchasers for value before maturity, and that no set-off or counterclaim is available as a defense. Nor is there any merit in appellants' contention that the note in question was not marked "peddler's note." High Smith Bros. were not itinerant persons and peddlers within the meaning of the statute.

We shall next consider the question: What was the effect of the sale and assignment of one-half interest in the note to appellee Brown, one of the co-obligors? In the early case of Long & Robertson v.

Bank of Cynthiana, 1 Litt. 290, 13 Am. Dec. 234, this court said: "As it regards this point, it is immaterial, we apprehend, whether the note be considered as an ordinary note for the payment of money or as possessing the character of a bill of exchange. The same principles must apply to it in both cases; and in either case the indorsement of the note to the defendants must operate as an extinguishment of their obligation to pay it; for by the indorsement to them they became its proprietors, and they could not be bound to themselves. Nor could the obligation thus extinguished be resuscitated by the indorsement and delivery of the note by them to the bank; for it cannot be revived. A new obligation of the same nature and extent may indeed be created; but this could only be done in the same way in which the original obligation was created. Even an indorsement of the note to Brown, the original payee, would not, we apprehend, have revived the obligation, which had become extinct by the indorsement to the defendants. The indorsement in that case might, as the indorsement to the bank in this case no doubt did, create a new obligation upon the defendants; but it would be such an obligation as the law would imply from the nature of the transaction, and not such as the note upon its face imports."

In the case of Logan County National Bank, etc., v. Barclay, 104 Ky. 97, 46 S. W. 675, 20 Ky. Law Rep. 773, this court approved the doctrine announced in Long & Robertson v. Bank of Cynthiana, supra, and held that the assignment of a note of two obligors to a firm of which one of them was a member operated to extinguish the debt as to the obligor who thus became both obligor and obligee, and that the extinguishment of the debt in such a case as to one of the

obligors operated to release the other from liability on the note.

But, although a joint maker of a note cannot purchase it, and an assignment to him will not pass title, but only the right to contribution for its payment, the court will, however, in a suit brought by him upon the note, allow him to amend in such manner as to enforce contribution. G. S. Williams v. S. S. Johnson, 1 Ky. Law Rep. 420. To the same effect is Davis, Adm'r v. Stevens, 10 N. H. 186, where the court said: "But where one of two joint promisors, who is liable directly on the note for the whole amount, pays such note, the note is necessarily extinguished. Whenever he declares himself from the note by such payment, the payment goes to the whole promise of the note; and, when the entire promise of the note is met and extinguished, it cannot afterwards be revived as a subsisting contract against a co-signer. New rights and liabilities arise betwixt the co-signers, but the original contract is at an end. * * * The co-signer has his appropriate remedy for contribution, but no suit can be sustained on the original contract." See, also, Gordon v. Wansey, 21 Cal. 77.

When a firm note comes into the hands of an individual member of the firm by assignment, this operates as an extinguishment of the note, and his assignee will take nothing by such assignment. He cannot sue upon the note, and he can pass no such right to another. His remedy is to be credited upon the partnership books with the amount so paid. Gardner v. Salyer, 1 Ky. Law Rep. 420. The same rule is laid down in the case of Easton v. Strother & Conklin, 57 Iowa, 506, 10 N. W. 877, where the court said: "The first question raised is as to the sufficiency of the count of Strother & Conklin's answer setting up the

purchase of the note by Strother. It was Strother's duty to take up the note for the firm by payment or compromise as best he could. The amount paid by him became a charge in his favor against the firm. This was all that he was entitled to. He could not by purchase become the owner of a note against the firm. The rule contended for by the appellants would afford a direct temptation to partners to attempt to evade their duty in respect to firm paper, and speculate therein by first depreciating it, and then buying it.'' It is apparent from the record that this whole transaction is one of partnership. The note, therefore, was not only a joint, but a partnership, note. When appellee Brown purchased a half interest in the note and took an assignment thereof, this operated to release him and his co-signers to the extent of one-half of the note; in other words, the note to that extent was extinguished. The only right remaining in him is the right to enforce contribution against the appellants. He cannot, of course, recover on the basis of one-half of the face of the note and interest. He can only recover on the basis of the amount actually paid by him. A partner will not be permitted to purchase a partnership note, and thereby profit at the expense of the firm. The firm will be given the benefit of any discount from the face of the note which he himself obtained. However, appellee Brown cannot sue his co-partners and obtain judgment in an action at law. His only remedy is to institute an action for the settlement of the partnership, wherein the rights of all parties may be adjudged. It appears from the record that appellee Brown, and perhaps two others, obtained in some manner a rebate from the amount which they agreed to pay. Neither Brown nor the others will be permitted to enjoy these rebates to the

exclusion of their copartners. In the settlement of the partnership all the partners alike will participate in the rebate so obtained. Upon the return of the case, the parties may settle upon the basis above set forth. If not, appellee Brown will be permitted to file an amended answer and cross-petition, and have the partnership settled.

As the bank sold and assigned to appellee Brown a half interest only in the note in question, it follows that he and his co-makers were still liable to the bank for the other half of the note. That being the case, the bank was entitled to the judgment which it obtained against appellants and appellee Brown.

The judgment is affirmed as to the Green River Deposit Bank, and reversed as to appellee Brown, for proceedings consistent with this opinion.