(86 Misc. Rep. 361)

## In re TOMBO.

(Surrogate's Court, New York County. June, 1914.)

1. GUARDIAN AND WARD (§ 9½*)—TESTAMENTARY GUARDIAN—RIGHT TO APPOINT.

Where a marriage is annulled because of lunacy of the wife at the time of the marriage, the husband, while the mother is still living, is not authorized under Domestic Relations Law (Consol. Laws, c. 14) § 81, providing that the parents of a child are its joint guardians, and that on the death of one parent the other may appoint a guardian for the issue of the marriage, though Code Civ. Proc. § 1749, provides that a child of a marriage which is annulled for lunacy of one of its parents is deemed for all purposes the legitimate child of the parent who is of sound mind.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 19–22; Dec. Dig. § 9½.*]

2. PARENT AND CHILD (§ 1*)—"PARENT."

A "parent" is one who has generated a child; is a father or a mother.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 5172–5174.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application for appointment of testamentary guardian of Marion Adelaide Tombo, an infant. Application denied.

Smith, Schenck & McDavitt, for petitioner.

COHALAN, S. Rudolph Tombo, Jr., died in May, 1914, and his will was probated in this court in June, 1914. Paragraph 6 thereof provides as follows:

. "Sixth. I hereby appoint said J. Boyce Smith, Jr., guardian of the person and estate of my daughter, Marion Adelaide Tombo, herewith directing that said guardian be allowed to qualify and serve as such without the giving of any security whatsoever."

Said Rudolph Tombo, Jr., in December, 1901, married one Mary Adelaide Cooper, and in February, 1903, said Marion Adelaide Tombo was born to said Rudolph Tombo, Jr., and Mary Adelaide Tombo, then his wife. Thereafter Mary Adelaide Tombo was legally adjudged insane by an order of a justice of the Supreme Court. In June, 1911, Rudolph Tombo, Jr., the decedent, brought an action against his wife, Mary Adelaide Tombo, to annul their marriage on the ground of insanity existing at the time of such marriage, and on October 13, 1911, a final judgment in said action was entered by which the aforesaid marriage was annulled "on the ground that the defendant was a lunatic at the time the marriage was contracted and incapable to consent thereto for want of understanding." The said judgment further provided:

"That Marion Adelaide Tombo, the child of such marriage hereby declared, to be void, be deemed for all purposes the legitimate child of the plaintiff, Rudolph Tombo, Jr.; that the custody of said child be awarded to the plaintiff, Rudolph Tombo, Jr.; and that the defendant resume her maiden name of Mary Adelaide Cooper."

[1] The aforesaid judgment was in accordance with section 1749 of the Code of Civil Procedure, which provides as follows:

"A child of a marriage, which is annulled on the ground of the idiocy or lunacy of one of its parents, is deemed, for all purposes, the legitimate child of the parent who is of sound mind."

Application is now made by J. Boyce Smith, Jr., aforesaid, for an order directing that letters of guardianship of Marion Adelaide Tombo under the will of Rudolph Tombo, Jr., be issued to him. Section 81 of the Domestic Relations Law, which provides in what cases testamentary guardians may be appointed by a parent, is as follows:

"Sec. 81. Appointment of guardians by parent.—A married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them. Upon the death of either father or mother, the surviving parent, whether of full age or a minor, of a child likely to be born, or of any living child under the age of twenty-one years and unmarried, may, by deed or last will, duly executed, dispose of the custody and tuition of such child during its minority or for any less time, to any person or persons. Either the father or mother may in the lifetime of them both, by last will duly executed, appoint the other the guardian of the person and property of such child during its minority. A person appointed guardian in pursuance of this section shall not exercise the power or authority thereof unless such will is-

admitted to probate, or such deed executed and recorded as provided by section twenty-eight hundred and fifty-one of the Code of Civil Procedure."

It is admitted by the petitioner that under the statute a father cannot dispose of the guardianship of his minor children to the exclusion of their legal female parent, but it is claimed that in this case Marion Adelaide Tombo is legally the legitimate child of Rudolph Tombo, Jr., and the child of no other person, and that the effect of said section and of the decree of annulment is that Rudolph Tombo, Jr., was the sole surviving parent for all purposes. Section 1745 of the Code of Civil Procedure provides that, when a marriage is annulled upon the ground that the former husband or wife of one of the parties was living, the issue of the subsequent marriage born or begotten before the final judgment are deemed, for all purposes, the legitimate children of the parent who at the time of the marriage was competent to contract, and the innocent party must be awarded their custody and "he or she is entitled to appoint a guardian of their persons by will." No such provision as this latter one is contained in section 1745 of the Code of Civil Procedure, supra. The provisions in these two sections in regard to the status of the children being the same, if it had been the intention of the Legislature that the parent to whom was awarded the custody of the child could by will appoint a guardian thereof it would not have inserted in section 1745 the authority to appoint a guardian of the person by will. In Matter of Waring, 46 Misc. Rep. 222, 94 N. Y. Supp. 82, Surrogate Silkman held that where by decree of the Supreme Court an absolute divorce was awarded decedent, and the marriage with her husband, the father of her minor children, was dissolved and the custody of such minor children given to decedent, she could not, during the lifetime of the father, appoint a testamentary guardian.

[2] The definition of "parent" in the Standard Dictionary is "one who has generated a child; a father or a mother." There being a living parent of Marion Adelaide Tombo, the application for testamentary guardianship is denied.

Application denied.