1. GUARDIAN AND WARD (§ 15*)—"GUARDIAN"—APPOINTMENT—APPLICATION
   OF STATUTE.
   The term "guardian," as used in Code Civ. Proc. § 2650, relating to the
   appointment of guardians, includes guardians appointed by will, as well
   as general guardians.
   [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–
   64; Dec. Dig. § 15.*
   For other definitions, see Words and Phrases, First and Second Series,
   Guardian.]

2. GUARDIAN AND WARD (§ 15*)—APPOINTMENT OF GUARDIAN—BOND.
   Where, in the county of Bronx, a county containing part of a city of
   the first class, letters of guardianship are applied for pursuant to an ap-
   pointment contained in a will, and the minor's estate is less than $2,000,
   the petitioner need not give bond, but the surrogate will, under Code Civ.
   Proc. § 2650, affecting guardians of such estates in such counties, order
   the guardian to collect the money jointly with a person named in the
   order.
   [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–
   64; Dec. Dig. § 15.*]

In the matters of Helen W. and Robert T. Huebsch.  Application by
guardian for appointment by will for letters of guardianship.  Decree
that letters issue.

Hirleman & Vaughan, of New York City, for petitioner.

SCHULZ, S.  [1, 2]  The will of the decedent was executed on the
22d day of September, 1914, at which time chapter 18 of the Code of
Civil Procedure, as revised by Laws of 1914, chapter 443, was in effect.
So far as material to the question at issue the will provides:

"I hereby appoint Elizabeth Ward * * * guardian of Helen W. and
Robert T. Huebsch."

The decedent, being the surviving parent of the minors, could nomi-
nate a guardian by his will.  Domestic Relations Law (being Laws of
1909, c. 19, constituting Consol. Laws, c. 14) § 81.  The amount of the
estate of each minor is stated to be less than $600.  Guardians by will
are now required to give bond as a necessary incident to their quali-
fication.  Section 2658 of the Code of Civil Procedure, so far as ma-
terial, provides:

"Where a will, containing the appointment of a guardian, is admitted to
probate, * * * the person appointed guardian must * * * qualify by
taking and filing his oath of office, and a bond as fixed by the surrogate,
unless contrary to the express provision of the will or deed."

The will in question contains no express provision contrary to this
requirement, and it would seem that the petitioner must give a bond
before letters can be issued to her, unless relieved by some other provi-
sion of law.  Whether there is such a provision is the question now be-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fore me for consideration and determination. Section 2650 of the Code, so far as material, provides:

"Before letters of guardianship of an infant's property are issued by the Surrogate's Court, the person appointed must, *except where the infant's property does not exceed the sum of* $2,000, execute to the infant, and file in the surrogate's office his bond. * * * But in counties containing a city of the first or second class, or a part of such city, where the property of the infant *does not exceed the sum of* $2,000, the surrogate, before the issue of letters of guardianship of the infant's property, shall make an order directing that the guardian collect and receive the moneys and property of his ward jointly with a person designated in the order, and that all such moneys and other property, so far as the same are conveniently capable of deposit, shall be deposited in the name of such guardian, subject to the order of the surrogate, with such savings bank or safe deposit company as shall be in like manner designated. * * *"

It will be noted that this section makes no distinction between general guardians and guardians appointed by will, but uses the general term "guardian." This term, as used in chapter 18 of the Code, is defined by the Code, section 2642, which, so far as material, is as follows:

"A general guardian. * * * A guardian by will is one appointed by the will of a father or mother in accordance with the provisions of the Domestic Relations Law and of section 1745 of the Code of Civil Procedure, who has duly qualified pursuant to the provisions of this article. A guardian by deed. * * * The term 'guardian' as used in this chapter applies to all such guardians, except ancillary guardians."

I think it follows as a necessary conclusion that the provisions of section 2650 of the Code of Civil Procedure are applicable to guardians appointed by wills, and I so hold. I do not believe that section 2658 of the Code makes the filing of a bond a prerequisite to the issuance of letters in all cases. This section and section 2650 must be read together, and I think, when so read, a reasonable construction is in harmony with the conclusion that I have reached. Letters will issue to the petitioner on these two applications without requiring her to file bonds, upon her complying with the remaining provisions of section 2658 of the Code, such letters to contain the substance of an order to be made before the issue of the same, providing for the deposit of the moneys and the control thereof as set forth in section 2650 of the Code of Civil Procedure.

Decreed accordingly.