## Matter of the Guardianship of RUTH MAJILTON.

(Surrogate's Court, Bronx County, January, 1917.)

Guardians — testamentary — general — appointment by Surrogate's Court — Code Civ. Pro. §§ 2514, 2657.

There is no direct provision that a testamentary guardian must be appointed by the Surrogate's Court which enters the decree of probate of the will in which such guardian is nominated; section 2657 of the Code of Civil Procedure is not to be construed to that effect, but in compliance with section 2514 of said Code an application for the appointment of such a guardian, for decedent's infant daughter, should be made to the Surrogate's Court of the county by which decedent was appointed the general guardian of the infant's person and estate.

APPLICATION for the appointment of a testamentary guardian of an infant.

Clarence E. Bloodgood, for petitioner.

SCHULZ, S. The petitioner is named as the guardian of the person and estate of the infant daughter of the decedent, in the latter's last will and testament duly admitted to probate in this county.

The petition states that the infant now resides with the petitioner in Greene County, New York. In view of the fact that the legal residence and domicile of her father appears to have been in the county of Bronx at the time of his death, I shall assume that I would have jurisdiction to appoint a *general* guardian upon her application under section 2644 of the Code of Civil Procedure, unless there is some other provision of law to the contrary.

It appears that the deceased father of the infant had

been appointed her general guardian in the adjoining county of New York and was such at the time of his decease.   Section 2514 of the Code of Civil Procedure, so far as material, provides as follows:   " Jurisdiction, once duly exercised over any matter by a surrogate's court, excludes the subsequent exercise of jurisdiction by another surrogate's court, over the same matter, and all its incidents, except as otherwise specially prescribed by law.   Where a guardian has been duly appointed by  *  *  *  a surrogate's court having jurisdiction, all further proceedings to be taken in a surrogate's court, with respect to the same estate or matter. must be taken in the same court."

Under the provisions of that section I have heretofore held that where a general guardian is removed or dies his successor must be appointed in the same county in which he was appointed.   *Matter of Stein, post,* 493; *Matter of Doblin,* N. Y. L. J. Dec. 23, 1914; *Matter of Henry,* Id. April 28, 1914.

The only difference between these matters and the one now under consideration is that in the present case the successor of the general guardian is nominated in the decedent's last will and testament and hence if appointed will be a " guardian by will " (Code Civ. Pro. § 2642), whereas in the matters cited they were general guardians whose appointments were sought. Assuming that I was correct in the views expressed in *Matter of Stein, supra,* namely, that it is conducive to the orderly administration of the. affairs of infants that proceedings affecting them or their estates should all be brought in the same forum, and that the statutory provisions cited permit this, it now remains to be determined whether the fact that a successor is a testamentary guardian changes the law as I have construed it in the matters referred to.

The powers of a testamentary guardian are the same as those of a general guardian. Dom. Rel. Law (Laws of 1909, chap. 19; Consol. Laws, chap. 14), §§ 81, 82. Section 2514 of the Code above quoted, it will be noted, uses the word " guardian " which term in section 2642 is stated to apply to a *guardian by will* among other classes of guardians. *Matter of Huebsch,* 87 Misc. Rep. 566.

I can find no authority which holds that the application for appointment as testamentary guardian must of necessity be made to the same Surrogate's Court in which the will is probated. If such were the case, then I would be compelled to appoint the testamentary guardian in this proceeding and thereby violate the provisions of section 2514, *supra.* As there appears to be no direct provision that a testamentary guardian must be appointed by the Surrogate's Court which enters the decree of probate of the will in which the former is nominated, I will not construe section 2657 to that effect. It is a well-settled rule of construction that every part of a statute must be viewed in connection with the whole, so as to make all of its parts harmonize if practicable and give a sensible and intelligent effect to each. Sutherland Stat. Const. (Lewis, 2d ed.) 919, citing *McCartee* v. *Orphan Asylum,* 9 Cow. 437, 506. Here the last two sections mentioned may easily be harmonized if it be held that the application for the appointment of the testamentary guardian may be made to the Surrogate's Court of the county where the general guardian of the infant was appointed and must not necessarily be made to the Surrogate's Court of the county where the will is probated. I see no practical difficulty about making the application to the former court, and, there being no precedent so far as I know to the contrary, I hold that the application for

the appointment of the testamentary guardian in this matter may be made to the Surrogate's Court of the county of New York and that it should be made there in compliance with section 2514 of the Code of Civil Procedure.