MATTER OF JOEL W. THORNE. 621

Misc. 621]     Surrogate's Court, New York County, August, 1924.

## Matter of the Estate of JOEL W. THORNE, an Infant.

Surrogate's Court, New York County, August 13, 1924.

Surrogate's courts — jurisdiction — petition of mother for her appointment as guardian of person of infant filed in Surrogate's Court of New York county June sixteenth — citation made returnable July fifteenth — appointment of infant's paternal uncle in same capacity made by Surrogate's Court of Dutchess county on June thirtieth without issuance of citation to mother — issue should have been tried in New York county where jurisdiction first exercised pursuant to Surrogate's Court Act, § 44 — Surrogate's Court of Dutchess county without jurisdiction by reason of failure to serve infant's mother — appointments by Surrogate's Court of Dutchess county void under Domestic Relations Law, § 81 — infant's legal residence, after father's death, changed to New York county where mother resides.

A motion in the Surrogate's Court of New York county to dismiss a proceeding for the appointment of guardians of the person and property of an infant will be denied where it appears that upon the death of the infant's father, the petition of the mother of the infant for her appointment as guardian of the infant's person and a trust company as guardian of the property was filed on June sixteenth; that citations, returnable before the Surrogate's Court of New York county on July fifteenth, were served on respondents the same day the petition was filed; and that on June thirtieth, upon a petition presented to the Surrogate's Court of Dutchess county, the infant's paternal uncle and others were forthwith named as guardians of the person and property of the infant, without service of a citation upon the infant's mother, since the issues should have been tried in New York county where jurisdiction was first exercised, and, consequently, the decree of the Surrogate's Court of Dutchess county is void.

The designation by the Surrogate's Court of Dutchess county of the guardians named in the will of the infant's father was illegal under section 81 of the Domestic Relations Law prohibiting the appointment of a person as testamentary guardian as against the surviving parent.

The legal residence of the infant, upon its father's death, was changed from Dutchess county to New York county where the mother resides, since the surviving parent has the right to fix the residence of an infant.

PETITION for appointment of guardian of person and property of infant.

*John J. Kirby* (*Frank C. Laughlin* and *John J. Kirby*, of counsel), for the petitioner.

*Delafield, Thorne & Burleigh* (*Chase Mellen*, of counsel), for the respondents.

FOLEY, S. A question has arisen in this proceeding as to the jurisdiction of the Surrogate's Court of New York county to appoint a general guardian of the person and property. The infant is nine years of age. The father of the infant was killed

in an automobile accident on May 30, 1924. His will was probated in Dutchess county. On June 16, 1924, a petition was filed in this court by Mary C. Thorne, the mother, for her appointment as guardian of the person and for the appointment of a trust company as guardian of the property. Jurisdiction was entertained and a citation issued returnable July 15, 1924. The citation was served on the respondents on June 16, 1924. Subsequently on June 30, 1924, a petition was presented by the executors named in the father's will to the surrogate of Dutchess county praying for the appointment of Samuel Thorne, a paternal uncle, as guardian of the person, and of Samuel Brinckerhoff Thorne, Victor Corse Thorne and the Central Union Trust Company as the testamentary guardians of the property. The surrogate of Dutchess county forthwith made his decree appointing the persons named. No citation was issued in that proceeding to the mother. The petition before that surrogate set forth the terms of the will, but did not disclose the pendency of the prior proceeding in this county. Respect for the orderly administration of justice should have led the respondents to try the issues in New York county, where jurisdiction was first duly exercised. Surrogate's Court Act, § 44. In view of my finding, however, that the infant was not a resident of Dutchess county and that the Surrogate's Court of that county had no jurisdiction, it is unnecessary to discuss the further irregularities in the proceeding there, except to say that even if that court had jurisdiction, the failure of the petitioners to serve the mother with a citation rendered the decree void. In their haste to secure judicial recognition, the petitioners there ignored the provisions of section 81 of the Domestic Relations Law and numerous decisions in this state. The attempted appointment of guardians by the father's will was illegal in the face of the statutory prohibition that a parent cannot name a testamentary guardian as against the surviving parent. *Matter of Waring,* 46 Misc. Rep. 222; *Matter of Drowne,* 56 id. 417; *Matter of Underhill,* 116 id. 50; *People ex rel. Byrne* v. *Brugman,* 3 App. Div. 155; *Matter of Schmidt,* 77 Hun, 201. In *Matter of Waring,* 46 Misc. Rep. 222, 224, this rule was applied where the parents were divorced, as they were in the present case. The surrogate held that the effect of the decree, in depriving the guilty party of the custody of the child, was to punish him only during the period of their joint lives. The surrogate further pointed out that when the innocent party died, " this penalty ceased, and he [the surviving parent] became entitled to all his statutory rights, subject only to the control of the courts in case he should exercise them improperly or be unfit." See, also, *Taylor* v. *Jeter,* 33 Ga. 195.

The question to be determined here is whether the infant was a resident of New York county or of Dutchess county. The mother maintains that, under the established rule of law, the infant's legal residence, after the death of the father, automatically changed to her residence in New York county. The respondents (the paternal relatives of the infant) contend that the father procured an absolute divorce in an action against the mother by a decree of the Supreme Court of New York county; that the custody of the child was given to the father by the provisions of that decree; that the infant's residence continued to be in Dutchess county after the death of the father, and that the surrogate of Dutchess county had exclusive jurisdiction in the guardianship proceeding. The evidence before me establishes that the father was a resident of that county immediately prior to the date of his death. The statutory basis of the jurisdiction of the surrogate in the appointment of guardians may be found in section 174 of the Surrogate's Court Act. That section provides: "Where an infant has no guardian, a surrogate's court has jurisdiction to appoint a general guardian of an infant's person, or property, or of both, in the following cases: . (1) *where the infant is a resident of that county,* or has sojourned in that county for at least one year immediately preceding the application; (2) where the infant is not a resident of the state, but has property, real or personal, situated in that county."

After an examination of the authorities I am of the opinion that the residence of the infant, after the death of the father, was changed to the county of New York, where his mother resided. This determination is not affected by the fact that the infant actually sojourned for the past three years in Denver, Colo., where he had been sent by his father. Nor am I concerned with the mother's charge that the infant was purposely removed from this state to avoid our jurisdiction.

The material rules with respect to the residence of an infant are well founded: (1) The residence of the infant is that of the parents; (2) the infant cannot change its own residence during the lifetime of the parents; (3) in case of divorce the residence of the infant follows the residence of the parent to whom its custody has been awarded; (4) where one parent dies, the residence of the surviving parent becomes the residence of the infant, except under certain circumstances where the change may be fraudulent or made to alter the rules of succession or intestacy or to the detriment of the infant's rights; (5) the fact that a divorce had been granted between the parents, does not change the presumption of law that the residence of the child follows the residence of the

surviving parent; (6) the surviving parent is entitled to be appointed guardian if not disqualified by unfitness. 19 C. J. 412; 1 Schouler Wills, Exrs. & Adm. (6th ed.) 731, 732; Bentwich Dom. & Succ. 34; 9 R. C. L. 547; Heaton Surr. (4th ed.) 498. In New York as early as the decision in *Brown* v. *Lynch,* 2 Bradf. 214, the right of the surviving mother to fix the residence of the infant was upheld and this conclusion has been reaffirmed in more recent authorities. *Ryall* v. *Kennedy,* 67 N. Y. 379; *Matter of Hubbard,* 82 id. 90; *Matter of Kiernan,* 38 Misc. Rep. 394. In many other jurisdictions this rule has likewise been followed. In *Marks* v. *Marks,* 75 Fed. Rep. 321, it was held that after the death of the father the domicile of the infant is that of the mother. See, also, *Bjornquist* v. *Boston A. R. Co.,* 250 Fed. Rep. 929. In *Modern Woodmen* v. *Hester,* 66 Kans. 129, this rule was also followed. There, it was further held that no actual transfer of the person of the child was necessary to accomplish the change, and the legal domicile of the mother became his, although the infant actually resided in another state. In that case it was decided that the Probate Court of the mother's residence alone had jurisdiction to appoint a guardian of the child. Likewise in *Lacy* v. *Williams,* 27 Mo. 280, and in *De Jarnett* v. *Harper,* 45 Mo. App. 415, the rule has been recognized. The facts in the latter case are quite similar to those here, for the father in his lifetime attempted to give the custody of the child into the keeping of another person in another county. It was held that the mother was entitled to the guardianship of the child after the father's death. See, also, *Garth* v. *City Savings Bank,* 120 Ky. 280; *Matter of Russell,* 64 N. J. Eq. 313; *Lamar* v. *Micou,* 112 U. S. 452, 470, 471. Equity, in its solicitude for the child, thus follows the lessons of human experience and rests on the firm foundation of the natural affection of the parent rather than that of remote relatives.

Under our own statutory limitations I find nothing in section 177 of the Surrogate's Court Act dealing with the issuance of citation in guardianship proceedings which changes these principles. That section simply provides that process, in the discretion of the surrogate, need not be served upon the divorced parent where the innocent parent is the petitioner. This provision relates only to procedure and does not modify the rule as to residence, nor does it apply to a proceeding similar to that pending before me where one of the parents is dead. The fact that the father's will was probated in Dutchess county does not confer jurisdiction on the surrogate there over the guardianship proceeding. Surrogate Schulz, in *Matter of Majilton,* 98 Misc. Rep. 490, cogently demonstrates that in such a case where the infant is a resident of the

state, the county of residence has exclusive jurisdiction. The infant Joel Wolfe Thorne, Jr., was, therefore, legally a resident of New York county with his mother, and the motion to dismiss this proceeding must be denied. The decree entered in Dutchess county was without jurisdiction and is, therefore, void. *Matter of Curtis,* 194 App. Div. 334; affd., 231 N. Y. 632. Before I shall take further proof on the question of the selection of a proper guardian, and the fitness or unfitness of the mother, the petitioner herein is directed to apply to the Surrogate's Court of Dutchess county to vacate the decree previously entered there. By that application a more orderly course of procedure will be followed and the appointment of two conflicting sets of guardians will be avoided.

Decreed accordingly. _____