THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARK LEWIS BOULWARE, Appellant, *v.* WILLIAM C. MARTENS and Another, Respondents.

Second Department, May 1, 1931.

*Joseph D. Karp*, for the appellant.

*Jeremiah D. Toomey*, for the respondents.

PER CURIAM. We are of opinion that the relator is entitled to the custody of his children. The amendment of 1923 (chap. 235) to section 70 of the Domestic Relations Law is limited in so far as it relates to the custody of minor children to cases of differences arising *between parents*. The section has no application to the right of a surviving father to such custody. The law, frequently declared (*People ex rel. Byrne* v. *Brugman*, 3 App. Div. 155; *People ex rel. Beaudoin* v. *Beaudoin*, 126 id. 505; affd., 193 N. Y. 611; *Matter of Thorne*, 240 id. 444), is that a surviving parent's right to the custody of his minor children is paramount to that of all other persons, inclusive of those named as testamentary guardians in the will of the deceased parent. (See, also, *Matter of Waring*, 46 Misc. 222, 223.) A careful consideration of all the facts leads us to conclude that there was no legal basis for depriving the relator of the custody of his children. He is admittedly a man of good moral character. The wife's decree of divorce, granted in the State of California upon the ground of the husband's cruelty, carried with it no right of deprivation of the husband's custody of his children upon her death. The decree, moreover, liberally gave him the right of visitation of his children at all reasonable times. Even if his conduct had been more serious than that of alleged cruelty, of which the California judgment shows none too strong a basis, the penalty of non-custody during the lifetime of the parties would not survive the wife's death. (*Matter of Thorne, supra; People ex rel. Byrne* v. *Brugman, supra; Matter of Waring, supra.*)

The order dismissing the writ of habeas corpus should be reversed upon the law and the facts, without costs, writ sustained, and custody of relator's children awarded to him.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and DAVIS, JJ., concur.

Order dismissing writ of habeas corpus reversed upon the law and the facts, without costs, writ sustained, and custody of relator's children awarded to him.