In the Matter of the Petition of JOHN WALKER STUART, a Minor over the Age of Fourteen Years, for the Appointment of a General Guardian of His Person. CHARLES M. STUART, Appellant; FRANK A. McNAMEE, JR., as General Guardian of JOHN WALKER STUART, an Infant, etc., Respondent.— Order of the Surrogate's Court of Nassau county granting an application for the appointment of a guardian of the person of John Walker Stuart, an infant over fourteen years of age, modified by striking out the name of Frank A. McNamee, Jr., and substituting therefor the name of Charles M. Stuart, the father, and by inserting a provision that the infant remain at the school which he now attends. As so modified the order is affirmed, without costs. The rule is well established that, in the absence of proof showing that a surviving parent is of bad character or otherwise unfit to have the custody of his minor child, his right to custody is paramount to that of any stranger or other relative. (Dom. Rel. Law, § 81; *Matter of Thorne*, 240 N. Y. 444, 448, 449; *People ex rel. Boulware* v. *Martens*, 232 App. Div. 258; affd., 258 N. Y. 534; *People ex rel. Sica* v. *Addeo*, 240 App. Div. 723; *People ex rel. Hausler* v. *Stegmeier*, Id. 901; affd., 264 N. Y. 483.) Nor, in the absence of a showing of unfitness, is this absolute right of a surviving parent to the custody of his child destroyed or affected by a decree of divorce rendered against him. (*Matter*

*of Thorne*, 240 N. Y. 444.) It was stipulated in open court that the father, if appointed, would permit the infant to remain at the school in which he is now a student. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.