In the Matter of the Application of RUTH F. BOCK, Appellant, for Letters of Guardianship of the Person and Property of ALBERT BREITUNG, an Infant over the Age of Fourteen, PETER BREITUNG and YORK BREITUNG, Infants under the Age of Fourteen. HANS BREITUNG, Respondent.— Decree of Surrogate's Court of Suffolk county denying the application of Ruth F. Bock for letters of guardianship of the persons and property of Albert Breitung, York Breitung and Peter Breitung, infants, and adjudging that letters of guardianship of their persons and property be granted to Hans Breitung, thereby appointed such guardian upon his taking and filing the oath required by law and filing the bond provided for in the decree, modified so as to provide that the application of Ruth F. Bock for letters of guardianship be granted as to the persons of the infants, and that letters of guardianship be issued to Hans Breitung as to only the property of the infants. As thus modified, the decree is affirmed, without costs. The proceeding is remitted to the Surrogate's Court of Suffolk county with direction to issue letters of guardianship of the person only of each infant to the petitioner Ruth F. Bock, and to issue letters of guardianship of the property of the infants to Hans Breitung. The petitioner-appellant is the mother of the infants and their surviving parent. It is not disputed that she is a fit person to have their custody. Her right thereto is paramount to that of any stranger or relative upon the undisputed facts. (Dom. Rel. Law, § 81; *Matter of Thorne*, 240 N. Y. 444, 448, 449; *People ex rel. Boulware v. Martens*, 232 App. Div. 258; affd., 258 N. Y. 534; *People ex rel. Sica v. Addeo*,

240 App. Div. 723; *People ex rel. Hausler* v. *Stegmeier,* Id. 901; affd., 264 N. Y. 483; and see *Matter of Stuart,* 255 App. Div. 811 [2d Dept.], decided October 28, 1938.) Her right to custody was not destroyed or affected by the decree of divorce rendered against her in the State of Connecticut. (*Matter of Thorne, supra; People ex rel. Boulware* v. *Martens, supra.*) The guardianship of the property of each infant was properly granted to Hans Breitung. Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Davis, J., dissents, with the following memorandum: I dissent and vote to affirm. These children have sufficient maturity to make choice where they should live and go to school and as to their personal guardian. They made such choice on the hearing. That, of course, is not controlling. Their custody and the direction of their education were given to the father by the divorce decree. He provided a good home for them and suitable education as long as he lived. The mother showed little concern as to their welfare. Shortly after the divorce she married a man who evidently had been courting her before the divorce was granted. The oldest boy testified on the trial and he was evidently familiar with the history of the family relation. He was an intelligent and decisive witness, and said he did not wish to live in the home of his stepfather, thereby separating himself and his brothers from their school and companions. The other two children were, by agreement of counsel, interrogated as to their wishes, by the surrogate privately. The welfare of the children is the dominant principle, prevailing over so-called " paramount rights," concerning which there is no hard and fast rule. In respect to care and education, and also financially, their welfare will be better served by the guardianship of their paternal uncle, who was the deceased father's choice and the executor and trustee under his will. So the surrogate decided after seeing and hearing the witnesses. He said: " I think the boys are better off where they are." I agree with his conclusion.