The People of the State of New York ex rel. Jerome Templeton, Respondent, against Verna L. T. Lynn, Appellant, and Morton M. Z. Lynn, as General Guardian of Clarence A. Templeton, an Infant, Intervener, Appellant.

Third Department, September 19, 1951.

*Joseph J. Casey* for appellants.

*Harold J. Shannon* for respondent.

*Per Curiam.* A decree of divorce had earlier been granted in the State of Tennessee in favor of the mother. The decree in that case decided that the children of the marriage, who were then residing with the mother in the State of New York, should continue in her custody. Subsequently this decree was modified, in a proceeding purporting to be for contempt, so as to give the custody of the children to the father for two months in each year. It is argued by the appellants here that the court in Tennessee lacked jurisdiction to make the modification in question. The Special Term held that it was bound by the modified decree entered in Tennessee.

It should be noted that the order appealed from was granted on the 2d day of August, 1950. It is alleged before us, and not denied, that since the date of the order the relator-respondent's conduct has been such as to make it highly questionable whether he is a fit person to have custody of the child in question. These allegations would indicate that he has not only violated the order of the court in Tennessee, but also the order appealed from. In addition, he apparently violated the conditions of an order obtained from a Justice of this court which vacated a stay. We think, therefore, that further proceedings should be had before the Special Term to determine whether there has been such a change in conditions and circumstances since the

entry of the Tennessee decree which would render it necessary for the child's best interests to have its custody retained by the mother in the State of New York. (*Finlay* v. *Finlay*, 240 N. Y. 429.) The primary concern of the courts should be for the welfare of the child.

Accordingly, we suspend further consideration of the appeal herein pending a remission of the matter to the Special Term for such action as the parties may be advised.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Further consideration of the appeal herein is suspended pending a remission of the matter to the Special Term for such action as the parties may be advised.