M. Michael Potokbb, J.
Petitioner herein seeks continuation of an order of visitation permitting her to visit with three grandchildren on a weekly basis.
*44 The tragic events leading up to the current situation commenced with the mental breakdown of petitioner’s son some four years ago and his ultimate commitment to the Creedmoor State Hospital. Petitioner is laboring under the mistaken notion that her daughter-in-law, the respondent herein, was somehow responsible for her son’s plight. Under the guise of trying to help her minor grandchildren, petitioner undertook a course of policing the respondent. This led to her filing of two neglect petitions in this court in two years. In each case the petitioner alleged that the children were without proper supervision in that the respondent permitted male companions to remain in her apartment until the early hours of the morning.
At the first dispositional hearing in 1963 the children were paroled to the respondent mother and the petitioner grandmother was granted visitation rights on Saturdays from 9:30 a.m. to 6:30 p.m. and for a two-week Summer vacation. Judgment was thereafter suspended on the respondent upon the court’s finding that the home situation then appeared to be in good order.
In the second of the two neglect petitions, petitioner also alleged that her 10-year-old granddaughter was molested by her 11-year-old brother and other boys. There is no evidence in the interviews with the children, the medical and psychological examinations, which would tend to support the allegations pertaining to a sexual abuse of the granddaughter.
After dispositional hearing by this court, which included a review of the investigative reports submitted by the Department of Probation and the psychological studies made by psychiatrists attached to the Bureau of Clinical Services of the Family Court, the children were paroled to the custody of the respondent mother. The court also placed the respondent on probation to June 17,1966 in accordance with authority granted under sections 352 and 353 of the Family Court Act and rule 3.7 of the Rules of the Family Court. The parties were also referred to Catholic Charities or to an appropriate agency for family counseling in the hope that the family rift can somehow be mended if but for the best interests of the infant children. Decision was reserved on petitioner’s application for visitation rights and to which the court now addresses itself.
Petitioner argues that she should be considered the general guardian of her son who is now a mental incompetent and standing in his stead she is obliged to protect the minor children from the folly or immoral acts of the respondent.
Respondent on the other hand resists the application on two grounds: first, the respondent is the natural parent of the *45 within infant children, has the prime, sole and exclusive right to the care and custody of her children and that such custody and care cannot he infringed upon or diminished, except for the gravest reasons adequately proven and established. In the instant case, the respondent argues the paternal grandmother has no right to visitation and that the court does not have absolute or uncontrolled discretion to diminish the custody inherent in parenthood. Respondent relies upon People ex rel. Boulware v. Martens (232 App. Div. 258, affd. 258 N. Y. 534).
The respondent further submits that the stability and harmony normally existing in her home becomes upset and tumultuous on the days that the children are constrained to visit with the petitioner.
Assuming arguendo that the petitioner’s concern anent the welfare of her grandchildren compels her to ‘ ‘ police ’ ’ her daughter-in-law, the court’s decision in placing respondent on probation should suffice (Family Ct. Act, § 354). While on probation the respondent’s behavior, as it may affect her children, will be under constant supervision. Committee Comments appearing in McKinney’s Consolidated Laws of New York (Book 29A, Judiciary — Court Acts, Part 1, p. 89) as follows: “ Paragraph (a) [of section 354 of the Family Ct. Act] makes the person to whose custody the child is discharged, rather than the child, subject to an order of supervision. The purpose is to use ‘ supervision ’ as a means of educating the parent to supply the child’s physical and educational needs and to provide proper guardianship, not to substitute the court for the parent.”
The authority to entertain petitioner’s application for visitation rights is not dependent on any statute but rests on the broad power of equity to make such determination as is dictated by the concern of the welfare of the children.
Generally, the Family Court is empowered to make any order in matters within its jurisdiction to permit and establish times and rules of visitation (Family Ct. Act, §§ 115, 352-357, 446, 611-634, 759, 842).
Transcending all rights of visitation, even as to natural parents, the law places the greatest emphasis on the welfare of the children involved. The primary concern of the courts should be the welfare of the child (People ex rel. Templeton v. Lynn, 279 App. Div. 5). The overriding question to be answered herein is “ will visitation by the paternal grandmother in any way impair the health and well-being of the grandchildren 1 ”
The court has availed itself of the detailed Department of Probation reports, psychological and psychiatric studies made by competent psychiatrists, and written medical testimony prof *46 fered by the respective parties. The use of such reports is expressly authorised under the provisions of section 653 of the Family Court Act, rule 6,A.l of the Buies of the Family Court.
The psychological studies furnished to the court indicate a mother-in-law who appears to be a very angry, rigid, cold person who is being unrealistic about her son’s illness. She does not present the picture of a person able to meet the emotional needs of growing children.
Respondent’s reliance on People ex rel. Boulware v. Martens (supra) bears no validity, since the Martens rule refers specifically to custody of a child of a divorced father upon death of his divorced wife. There the Court of Appeals held that the surviving parent’s right to custody under those circumstances is paramount to that of all other persons. Here custody is not in issue. That question has already been determined in favor of respondent.
It is regrettable that children who, in their infancy, have already been deprived of the love, affection and inspirational guidance of a doting father should also be made the pawn of a suspicions grandmother and a mother who perforce must act as both mother and father. Too many children in this era, when disease takes its toll of young and old alike, grow tip without benefit of any grandparent and are in a sense denied.
This court is not prone to sever the ties between the paternal grandmother and her three grandchildren. On the other hand, the court cannot and will not condone any act on the part of the grandmother or other members of her family which would tend to incite the children against their mother. Petitioner should instead pursue a course of friendship and co-operation and extend a helping hand to respondent during her trying days. The court does not believe that visitation rights to a grandparent would in effect diminish the custody of the respondent. The best interests of the children cry out for genuine grandparental love and affection,
Petitioner’s application for right of visitation is granted without prejudice however to the respondent’s future right to move to modify or vacate this order upon competent proof that the emotional and psychological well-being of the children is being injured by petitioner’s visitation,
Accordingly it is ordered that the petitioner be permitted to visit with the grandchildren every other Saturday, beginning April 30, 1966 between the hours of 1:00 p.m. and 5:00 p.m. The children will be picked up by the petitioner outside of the respondent’s home at the designated hour and returned thereto no later than 5:00 p.m. This order shall be temporarily sus *47 pended during the Summer school recess in the event the children leave the city for their Summer vacation. Petitioner herein is admonished and it is made a condition of visitation that she refrain, directly or indirectly, from attempting to influence the children in any manner derogatory to the proper relationship between the children and their mother.